Ruffin, Chief Justice.
 

 We think that there is no error in the instructions to the jury, of which the defendant has the least cause to complain.
 

 That lands bid off at a sale upon execution by one person, may be conveyed by the sheriff to another, by the direction of the purchaser, was held in
 
 Smith
 
 v.
 
 Kelly,
 
 3 Murph. 507; and in
 
 Shamburger
 
 v.
 
 Kennedy,
 
 1 Dev. 1. Whether the direction be by writing or parol does not concern the defendant in the execution, or those claiming under him. It is a question between the sheriff and his bargainee on the one hand, and the first purchaser on the other. The deed authenticates officially the fact of sale, and that fact is equally true as against the former owner, whether it be to A. or to B., and followed by the deed, divests the tifie of the former owner.
 

 The relation of the sheriff’s deed, so as to make it operate from the sale is also settled in a number of cases.
 
 Davidson
 
 v.
 
 Frew,
 
 3 Dev. 1.
 
 Pickett
 
 v.
 
 Pickett, ibid,
 
 6.
 
 Dobson
 
 v.
 
 Murphy, ante,
 
 vol. 1, page 586.
 

 Upon the point of fraud the court gave the instructions prayed by the defendant; and indeed went beyond them, by saying, that if A. Bowers purchased with Baker’s money, in whole or in part, and for the benefit of Baker
 
 *106
 
 or his family, he would get no title as against Baker’s creditors. This was certainly going to every length the defendant could desire; and further than we suppose is correct, unless there was an intention to deceive creditors by claiming the purchase as an absolute one, when it really was only a security for that portion of the purchase money which Bowers advanced of his own. However, that point is out of the case at present; because, under the instructions, the jury must have found that Bowers purchased for himself
 
 bona fide
 
 and with his own money.
 

 The evidence upon which the fourth point was raised, might have been quite material as a circumstance denoting the intent of the first purchase. But supposing A. Bowers to have purchased
 
 bona fide
 
 we cannot agree with his Honor, that even his unconditional consent to a second sale, by another creditor of Baker, extinguished his title. It does not appear, indeed, that this occurred prior to the directions of the sheriff to convey to the lessor of the plaintiff. But if it was, it could not operate to extinguish or transfer his title — being that to real estate ; although it might be a fraud on G. Bowers which might sustain a personal action at law, or found relief in another tribunal. But even this point has been found as to the fact, against the defendant. There is, therefore, no reason whatever, to disturb the verdict, and the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.