BAKER *v.* RAILSBACK.

The amount paid to discharge an incumbrance upon land conveyed with a warranty against incumbrances, may, if reasonable, and the least for which the incumbrance could be bought in, be set up as a defence, (in the absence of any other controlling agreement between the grantor and grantee) by way of recoupment, to a suit by the assignee or payee of a note given for the last instalment, at least, of the purchase-money.

ERROR to the *Marion* Circuit Court.

PERKINS, J.—Assumpsit upon a promissory note executed by *Railsback* to one *Strang,* and by him assigned to the plaintiff, *Baker.*

The defendant pleaded, as to the sum of 200 dollars, part of the sum called for by the note, that said note was given for the last payment on a lot of ground purchased by said *Railsback* of said *Strang* for the price of 1,400 dollars, 1,100 dollars of which were paid in hand, and said note given for the residue, 300 dollars; that said *Strang* executed to said *Railsback,* on the purchase, a warranty deed, covenanting that said land was free from all incumbrance, &c., when, in fact, it was not so, but was incumbered by a right of dower, in this, that the then wife of the grantor of *Strang* had never relinquished her dower, and that she was still living; that the defendant, *Railsback,* often requested said *Strang* to remove said incumbrance, but he failed to do so, in consequence whereof, the defendant, on, &c., at, &c., in order to get a relinquishment of said right of dower, was compelled to and did actually pay the sum of 200 dollars, "the same being a reasonable price therefor, and the smallest sum for which the same could be procured," and for which sum relinquishment was obtained, &c.

General demurrer to this plea overruled, and judgment, as to 200 dollars, for the defendant, on the demurrer.

The decision of the Court below was right. There is no open question in the case.

In *Doremus* v. *Bond,* 8 Blackf. 368, it is decided that the

Nov. Term,
1853.

BAKER
v.
RAILSBACK.

amount paid to extinguish an incumbrance on land conveyed by deed with full covenants of warranty, may be set up as a defence, the amount being reasonable, to, at all events, the payment of the last instalment of the purchase-money, as well against the assignee, as against the original payee of such instalment; and further, that " the defendant is not bound to plead the matter by way of set-off, springing as it does out of the default of the vendors in relation to the original contract, and not from any new or subsequent dealing," but that he may recoup it from the original consideration. And *Whisler* v. *Hicks*, 5 Blackf. 100, and *Smith* v. *Ackerman*, *id.* 541, are to the point that a purchaser of land, with covenants as aforesaid, may proceed and voluntarily extinguish the incumbrances that may exist on it, and avail himself of the right of recoupment.

We concur in those decisions. Land in this country is an article of traffic, and an incumbrance clogs its sale and embarrasses the owner. He should have the right to clear his property of incumbrances, that it may be made as facile of transfer, and as useful to himself as possible.

It should be remarked that in speaking of the right of the purchaser to extinguish incumbrances, and recoup the amount, it is taken for granted that no agreement, express or implied, exists between the grantor and grantee of the land, in regard to the matter; as such agreement might control the right that would otherwise exist. See *Allen* v. *Lee*, 1 Ind. R. 58.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Caven*, for the plaintiff.

*J. L. Ketcham* and *N. B. Taylor*, for the defendant.