Nov. Term, 1860.

Lewis
v.
Lee.

*R. Parrett*, for appellant.

*A. Ellison*, for appellee.

---

## Reid *v.* McIntyre.

APPEAL from the *St. Joseph* Common Pleas.

*Tuesday, November 27.*

*Per Curiam.*—Action by *McIntyre* against *Reid* for certain carpenter and joiner work.

(1.) Petition for rehearing filed *January* 24, and overruled *May* 10, 1861.

---

## Lewis *v.* Lee.

*A.* sold to *B.*, by executory contract, certain real estate, for which *B.* was to pay $2000. Before the payment was to be made and the deed executed, *B.* notified *A.*, in writing, that he would not perform the contract. Suit by *A.* for damages.

Nov. Term,
1860.

Lewis
v.
Lee.

Friday,
November 30.

*Held*, that the damages which *A.* might have sustained by reason of his inability to perform other bargains, made by him on the faith of *B.'s* performance of his contract, were too remote to be allowed, especially in the absence of fraud.

*Held*, also, that it was not competent for *B.* to prove that other persons had offered to purchase the land, soon after he had declined taking it, at the same price he was to pay.

*Held*, also, that on the failure of *B.* to perform his contract, he became liable to *A.* for the difference between the then value of the land and the contract price.

*Held*, also, that had *A.* proceeded for a specific performance, the amount of his recovery must have been the purchase money and interest; to be enforced, *first*, by a sale of the land, and *second*, by execution against *B.* for the balance.

*Held*, also, that in determining upon the value of the land, the general cash value must be taken, and not its value for a particular purpose, or on time.

APPEAL from the *Putnam* Circuit Court.

PERKINS, J.—*Lee* sold *Lewis* twenty-five acres of land. *Lewis* agreed to pay therefor $2000. Before the payment was to be made and the deed executed, *Lewis* notified *Lee*, in writing, that he should not adhere to the contract; that he should neither pay for the land nor take it. After the time at which the contract was to be executed had elapsed, *Lee* sued *Lewis* for damages for the breach of the contract, alleging that he had been, at all times, and then was able and willing to make a deed on payment, &c.; but that he had not tendered one because *Lewis* had notified him, in effect, that it would not be received.

He alleges that he made other bargains, in anticipation of said $2000, which he was unable to fulfill through *Lewis'* failure to pay, and sustained loss, for which he claimed to recover as part of the damages in this suit. No evidence was given, it may be here observed, touching this species of damage, and, especially in the absence of fraud, none would have been admissible—such damage being too remote. See *Walker* v. *Moore*, 10 B. & C. 416; Chit. on Cont., 7th Am. Ed., p. 313, note. As to damage through depreciation of the land, no objection to the evidence appears to have been taken below.

On the trial upon the general issue, the Court refused to

allow evidence to go to the jury, of offers, by other persons, to *Lee*, to purchase the lands in question, soon after *Lewis* had declined taking them, at the same price *Lewis* was to pay for them.

We think the Court did not err in this. The action which *Lee* had elected to bring was one for damages, not for specific performance; and, on failure of *Lewis* to comply with his contract, he became liable to *Lee* for the damage he would sustain in consequence of the breach. This would be shown by the difference in value, then, of the land from the contract price. Men who made offers could have been called as witnesses to swear to value; but a man is not bound, necessarily, by offers he makes. Suppose *Lewis* had gone for a specific performance, what would have been the amount of his recovery? Why, the amount of the debt and interest; to be enforced, first, by a sale of the land, and secondly, by execution against *Lewis* for the balance. This is just equivalent to a sale for the best price, without judicial proceedings, and the holding of the original defaulting purchaser for the deficiency. So on a sale, not executed, of personal property, the difference between the original price and that obtained upon re-sale, may be the measure of damages. It is the general value; not what some man might give, in a case of real estate, for purposes of a slaughter house, or we know not what other offensive purpose. So, it must be a cash in hand value. The seller would not be bound to take the hazard of another breach.

We think the complaint, in the case, sufficient.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*D. McDonald* and *J. Cowgill*, for appellant.

*J. P. Usher*, for appellee.

(1.) Petition for rehearing filed *January* 28, and overruled *May* 10, 1861.