Hazelrig *v.* Hutson.

————————◆◆◆————————

HAZELRIG *v.* HUTSON.

*Wingate* v. *Hamilton*, 7 Ind. 73, affirmed and followed.

In an action for specific performance of an agreement to convey land, with warranty, the deed from the grantor should contain the relinquishment of his wife's dower, and the decree for specific performance should so provide, and, in case of her refusal, there should be a proper abatement of the purchase-money; but the amount of such abatement should not be such sum as she would be entitled to if her husband were dead, but rather such sum as her contingent interest is worth, estimated by the usual rules and tables resorted to in such cases.

APPEAL from the *Union* Circuit Court.

HANNA, J.—Suit by *Hutson*, the purchaser of real estate, to compel a specific performance of the contract.

There was a demurrer overruled to the complaint. Upon this the first point arises.

The complaint avers that the plaintiff purchased of defendant certain described real estate for the sum of 5,600 dollars, on the 14th of *February*, 1860; that there was then paid of

said sum $3,950\frac{73}{100}$ dollars in notes, then held by plaintiff on defendant, and a note for the balance, $1,649\frac{21}{100}$ dollars, then executed, payable on the first day of *January* then next ensuing; that by the contract, said defendant, together with his wife, was, on the day of said purchase, to have executed to plaintiff a deed, but did not; that defendant made a deed in proper form, and left it with one *G* as an *escrow*, to be signed by his wife and delivered; that she had not signed, nor would defendant deliver the deed so made, a copy of which is filed, that on the same day an agreement was made, a copy of which is filed, in reference to the acceptance of said land by defendant, until the payment of the note that day executed; that it was thereby agreed that the plaintiff might have the privilege of paying a note or judgment of $584\frac{80}{100}$ dollars, held by one *S* on defendant, and if paid by plaintiff he was to hold the same as a set-off against said note of that date; that the notes held on defendant, and surrendered to him, were a balance due to the plaintiff for the purchase-money of said land, he having before that time sold the same to said defendant, and received said notes and 2,500 dollars in money; that the wife of defendant was entitled to an interest therein, subject to the payment of said purchase-money; that her equitable interest in the sum paid would be 833 dollars and 33 cents; that on the first of *January*, 1861, the plaintiff informed defendant that he had paid said judgment held by *S* against defendant, which was true, and taken an assignment thereof to himself; that he then tendered to defendant 1,065 dollars and 83 cents, and demanded a deed in pursuance of said contract, which was refused; that he then tendered 231 dollars and 84 cents, reserving 833 dollars and 33 cents as an abatement for the interest of the wife of defendant, and demanded the delivery of the deed deposited with *G*, and signed by defendant alone, which was also refused; that he brings said sum into Court.

The demurrer assigns for causes want of proper parties defendants, and that the complaint does not contain sufficient cause of action, &c., for the reason that a contract of the character here named, and the performance of which has failed, for the reason here shown, can not, and should not be enforced.

The question here attempted to be raised has been already decided by this Court; *Wingate* v. *Hamilton*, 7 Ind. 73; although a doctrine somewhat different is mentioned in Story's Eq. 2 vol. pp. 39, 40.

It is urged that the complaint does not aver that satisfaction had been entered on the judgment paid off by the plaintiff, nor an offer to enter such satisfaction. If the defendant had complied with his contract, without doubt it would have operated as a satisfaction of said judgment. The amount paid upon it was really a payment of so much upon the contract evidenced by the note held by the defendant, and the surrender of that note is a satisfaction of the judgment.

There is, however, an error growing out of the tender averred. The amount withheld as an abatement, because of the failure of the wife to execute, is equal to the full sum to which she would then have been entitled if her husband had been dead. As it was, then, some consideration should have been paid to the fact that he might possibly outlive her.

As the evidence is not in the record, nor any pleading by which we would be enabled to determine the correctness of the conclusion of the Court as to the sufficiency of the tender made and found, we would not disturb the judgment on that ground, if it was not for the fact that, as before said, the amount averred to have been so withheld is the full sum to which she would have been entitled if her husband had been then dead.

There should have been an inquiry as to the respective ages of the said husband and wife, &c., and the proper table re-

sorted to, to determine the question as to the amount which should be abated, and the correctness of the amount tendered, thereby determined.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.