## PORTER *v.* TRAVIS.

VENDOR AND PURCHASER.—*Specific Performance.*—*Contract for Purchase of Land.*—*Measure of Damages.*—While a vendor may, by an action for the specific performance of a contract against the vendee, compel the acceptance of the conveyance of the land sold and the payment of the purchase-money, yet when the suit is for damages against the vendee, for a breach of the contract in refusing to accept the deed and pay the purchase-money, the measure of damages is the difference between the contract price and the value of the land at the time when the deed should have been accepted, if at that time there was any decrease in such value.

APPEAL from the Montgomery Common Pleas.

DOWNEY, J.—The appellee sued the appellant upon the following contract:

"CRAWFORDSVILLE, IND., August 6th, 1870.

"I have this day bought of Charles M. Travis the east

half of lot No. 8, in James Wilson's addition to Crawfordsville, Indiana, on the following conditions: I am to pay sixteen hundred dollars, as follows: One thousand dollars on the 1st day of October, 1870, two hundred and thirty-five dollars on or before the 25th day of December, 1870, and I assume the payment of the school fund mortgage on said property of three hundred and sixty-five dollars. Said Charles M. Travis to make me a warranty deed and give possession on the 1st day of October, 1870; also, to clear said property of all incumbrances, except the said mortgage in favor of the school fund of three hundred and sixty-five dollars. J. B. PORTER,

"CHAS. M. TRAVIS."

The complaint alleges a performance by the plaintiff of his part of the contract, and a failure by the defendant to perform the contract on his part, without specifying the particulars of such failure, and concludes with a claim for damages in the sum of five hundred dollars.

The defendant answered by the general denial, and also a special paragraph. The special paragraph was, on motion of the plaintiff, stricken out by the court, but no question is made with reference to this ruling, as it is conceded that the same evidence was admitted under the general denial which the defendant intended to introduce under the special paragraph.

Upon a trial by jury, there was a verdict for the plaintiff for one hundred and fifteen dollars. The defendant moved the court for a new trial, assigning for cause, among other things, that there was error in the assessment of the damages, the same being too large. This motion was overruled, and the proper exception taken. The court then rendered judgment for the plaintiff on the verdict of the jury. The evidence is in the record by a bill of exceptions. The only error complained of is the refusal of the court to grant a new trial.

As we have arrived at a conclusion adverse to the appellee on the question as to the amount of damages assessed by the jury in his favor, we have not thought it necessary to

examine the other reasons assigned for a new trial. We have found a want of harmony in the decisions of the courts upon this question in actions of this nature. It will be observed that the action in this case is not for the one thousand dollars which the defendant was to pay on the first of October, nor was it for the whole amount of the purchase-money. The amount of damages claimed in the conclusion of the complaint is five hundred dollars. The plaintiff could not manifestly claim and recover the whole amount of the purchase-money, not only because he does not claim it in his complaint, but because it is shown by the evidence that he sold the land after the breach of the contract by the defendant, on the 1st of October, 1870, to another party for fifteen hundred dollars. We think, in this case, the proper measure of damages must be either the difference between the contract price and the actual value of the land at the time of the breach, or the difference between the contract price and the value of the land at the time of the trial. Mr. Sedgwick, in his work on the measure of damages, page 191, says: "The question is evidently not free from perplexity: on the one hand it is said that the vendor by making a tender has performed his contract so far as it lies in his power, that his right is complete to the performance of the contract by the vendee, and that this performance is the payment of the purchase-money. But on the other side, it is replied with great force, that the recovery cannot pass the fee of the land, that the legal seisin still remains as at first; that the vendor has not parted with his property, that if the land has not fallen in price, he has lost nothing, that the common law gives damages for none but actual loss; and it is insisted that the true measure of damages in such case, is the difference between the stipulated price and the actual value at the time of breach, or perhaps at the time of trial."

In our judgment, there is no good reason for fixing the damages at the difference between the contract price and the value of the land at the time of the trial. This rule, depending upon the value of the property at the time of the trial,

might disappoint a plaintiff in the recovery of any damages on account of a decrease in the value of the property after the action was brought. In *Sawyer* v. *McIntyre*, 18 Vt. 27, that court said: "Where a party agrees to make a purchase of property, and then refuses to proceed in the purchase and take the property, the loss of the bargain constitutes the proper rule of damages, because the property never passed." This, however, was an action for not receiving personal property which the defendant had purchased of the plaintiff.

In *Tripp* v. *Bishop*, 56 Pa. St. 424, it was held that, "If a contract is not within the statute of frauds, or if the parties have done all the statute requires, the price the purchaser agreed to pay is the measure of damages.". In this case a deed had been tendered, was still awaiting the acceptance of the defendants, and the lands had not, as in this case, been conveyed to another party.

In *Richards* v. *Edick*, 17 Barb. 260, which was upon a written contract for the sale of real estate, by the vendor against the vendee, a deed having been tendered and refused, the court uses this language: "Again, it is insisted by the counsel of the defendant, that the measure of damages assumed in the first count, viz. the purchase price of the land, is not the true one. He argues that the title to the land does not pass by the tender of a deed to the defendant, and the plaintiff's continued readiness to deliver it; and that the true measure of damages is the excess of the contract price over the actual value of the land; and that inasmuch as there is no averment of such excess of the purchase price, and no other damage claimed, the one hundred dollars, part of the one thousand seven hundred dollars which the plaintiff admits to have been paid, more than balances the nominal damages arising on the breach of the contract by the defendant. The counsel is certainly sustained in his position, as to the true measure of damages, by the decision of the court in *Laird* v. *Pim*, 7 M. & W. 474. It also seems to me, that were it a new question in this State, there would be great

reason for adopting the principle which is now held to be law in the English courts. Because, what is sought to be recovered is damages for the violation of the defendant's contract, by which the plaintiff has suffered loss. But in the case of an agreement for land, the title does not pass by a tender of the deed; nor does it pass by operation of law on the recovery of a judgment for the purchase price, as is sometimes true of personal property. It is a case, therefore, where the plaintiff holds the title to the land, and recovers its full value expressed in the contract; and after judgment, when the defendant seeks to obtain the land, a court of law is without the power of affording him any relief. It is true, a court of equity may order a conveyance; but in the mean time some third person may have recovered a judgment against the plaintiff, and rendered his deed worthless. The English rule would, therefore, seem to be more in accordance with general principles, and more in analogy to the action for not accepting personal property, as wheat, or other commodity which the defendant has purchased and contracted to receive and pay for. There is no necessity for the exercise of this jurisdiction, for the court of chancery is competent to order a specific performance of the agreement, and at the same time, to see that a valid deed, conveying the title, is delivered, on the payment of the contract price." But the court proceeds to say that the rule has been too well settled and too long established in that state, that on an agreement relating to real estate, on tendering a deed and offering to perform his agreement, the vendor may recover the purchase-money in an action at law, to be disturbed, especially by a tribunal below that of last resort.

In *The Inhabitants of Alna* v. *Plummer*, 4 Greenl. 258, which was an action to recover the price of a pew, regarded as real estate, it was held that, where real estate is sold by auction, and a written memorandum made of the sale by the auctioneer, and a deed tendered to the purchaser, which he refuses, the measure of damages against him is the price at which the land was struck off, with interest, although the

Porter *v.* Travis.

title remains as before, the purchaser having his remedy upon the same contract, should the seller refuse to deliver the deed upon a new demand.

In the case of *Laird* v. *Pim, supra,* the rule is laid down as follows: "The measure of damages, in an action of this nature, is the injury sustained by the plaintiff by reason of the defendants not having performed their contract. The question is, how much worse is the plaintiff by the diminution in value of the land, or the loss of the purchase-money, in consequence of the non-performance of the contract? It is clear he cannot have the land and its value too. A party cannot recover the full value of a chattel, unless under circumstances which import that the property has passed to the defendant, as in the case of goods sold and delivered, where they have been absolutely parted with, and cannot be sold again."

Mr. Sedgwick says: "In England, when the vendee refuses to perform, the measure of damages is held to be the difference between the price fixed in the contract, and the value at the time fixed on for delivering the deed. It follows that if the property does not fall in value, the vendor can recover nothing." Page 190.

We suppose the doctrine to be well settled in this State that the vendor may, by an action for the specific performance of the contract against the vendee, compel the acceptance of the conveyance and the payment of the purchase-money. But we are not referred to any case, nor have we, in a limited search, found any case where this court has fixed the rule which is to govern as to the measure of damages in an action by the vendor against the vendee for not accepting the deed and paying the purchase-money.

In the case under consideration, as we have already stated, there could not be a recovery for the whole amount of the purchase-money. We think the rule which must govern in this case, as it presents itself to us, is that which is recognized as the rule in the English courts, that is, the difference

between the contract price and the value of the lands at the time when the deed should have been accepted. Travis testified, that the lot was sold at one thousand six hundred dollars, which is shown by the contract also, and that when he sold it, it sold for one thousand five hundred dollars, which was its value then. But he does not state when the sale was made. Britton, a witness for the plaintiff, however, supplies the necessary facts by stating that on the 1st day of October, 1870, the property was worth one thousand six hundred dollars, and that it was not sold until the 4th of November following. This is the only evidence as to the value of the property at the time when the breach of the contract occurred, and must control so far as that fact is concerned. Applying the rule, which we think must be applied to the case, and it is seen that the damages were excessive, and that a new trial should have been granted.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*P. S. Kennedy* and *M. D. White*, for appellant.

*L. Wallace* and *J. M. Butler*, for appellee.