Hugh Doherty *vs.* Hugh Dolan.

Cumberland, 1875.—March 1, 1876.

*Damages.*

In an action for damages for the breach of an agreement to convey land; *held,* I, that the plaintiff is entitled to recover what the land was worth, at the date of the breach, more than what he was then owing for it, with interest thereon; *held,* II, that this rule of damages is not to be varied, because the defendant, through unanticipated causes which he could not control, although acting in good faith, was unable to convey; and *held,* III, that the plaintiff at his election, the failure to convey being total, would be entitled to recover the exact consideration actually paid upon the contract by rescinding the contract, which would be effected by the institution of a suit for money had and received.

On exceptions from the superior court.

Case for damages in not conveying real estate according to a memorandum in writing.

The plaintiff had paid $1000 on the receipt of the memoran-

dum, August 14, 1874, agreeing to pay the balance, making $10,250 in all, when a proper deed should be made out.

There was evidence tending to show that the property was incumbered, and the defendant thereby unable to give a clear title thereto, that the plaintiff offered to pay the defendant the purchase money due by the terms of the memorandum before the suit was brought, and that the property was worth $10,000.

Upon the question of damages, the presiding justice instructed the jury as follows : "I instruct you for the purpose of this case that the plaintiff if entitled to recover at all, is entitled to recover the $1000, which it is admitted he paid toward the purchase money of this property. It is entirely unnecessary to consider the other elements of damage, such as loss of time and loss of interest, because the whole claim of the plaintiff here for damages is $1000. He fixed his claim for that in his writ, and cannot in any event recover more than that."

The defendant, the verdict being for the plaintiff for $1000, alleged exceptions.

*T. H. Haskell*, for the defendant.

*M. P. Frank*, for the plaintiff.

PETERS, J. The defendant contends that the election as to the time when a deed was to be made out, was with him. If that is so, he has $1000 of the money of the plaintiff prepaid to him, which he can keep as long as he pleases, and never make the deed. The implication from the argument is, that a deed is to be delivered within some time, and that must be a reasonable time. In this ruling the court was right.

In another respect, however, we think an error was committed at the trial. The judge should have ruled, that the plaintiff could recover as damages what the land was worth at the time the defendant should have furnished the deed, less so much of the consideration agreed to be given for it, as remained unpaid. That could not exceed $1000, as no more was claimed in the writ. But it might be less. If the value of the property was but $10,000, then the damages under this rule would have been but $750, while the direction was peremptory that the damages should be

$1000, if the plaintiff could recover at all. Herein the learned judge erred.

The action is based upon the contract, setting out that it had been broken upon the part of the defendant. It is not a suit for the consideration paid, but a suit for the damages necessarily resulting to the plaintiff, because the defendant had refused to convey. The general rule of damages in this form of action is well settled. If the plaintiff had paid nothing down, and the land was worth at the date of the breach more than he was to give for it, the difference would be, his profit, and he could recover that amount. If there was no difference between the contract price and the value of the land, when it should have been conveyed, and nothing was paid, then his damages would be nominal only; or if in such case, the land was worth less than the contract price, he would then have nominal damages for the technical breach. So, if the plaintiff had paid the contract price in full, he could recover the value of the land at the time it should have been conveyed to him, whether the value was then more or less than the contract price. And so it logically follows, there being a part payment, and the land worth less than the contract price at the time a conveyance should have been made, that the damages recoverable would be what the land was then worth, less the amount of the price for it that remained unpaid. By paying the full price, the vendee is entitled to the land or its value, whatever the value may be. The recovery of damages, according to these rules, puts him in as good condition as if the contract had been performed. He gets exact indemnity. *Warren* v. *Wheeler*, 21 Maine, 484. *Hill* v. *Hobart*, 16 Maine, 164. *Robinson* v. *Heard*, 15 Maine, 296. *Russell* v. *Copeland*, 30 Maine, 332. *Lawrence* v. *Chase*, 54 Maine, 196.

The plaintiff, however, while he admits that this is a correct statement of the general rule, in cases where a vendor refuses to convey to the vendee when he has the power to do so, contends, that a different rule prevails in cases where the vendor, through unanticipated causes which he cannot control, although acting in good faith, is unable to convey; contending that in such case the

measure of damages is the amount of consideration actually paid and interest thereon. If this position is a correct one, the verdict would stand.

This rule, as contended for by the plaintiff, is undoubtedly the established law of the English courts. Many of the American state courts have adopted it. It prevails in New York, although much doubt of its correctness has been expressed by individual members of the courts of that state. See remarks of Denio, J., in *Conger* v. *Weaver*, 20 N. Y., 140; of Mason, J., in *Pumpelly* v. *Phelps*, 40 N. Y., 59; see also, *S. C., sub nomine, Brinckerhoff* v. *Phelps*, 24 Barb., 100. The supreme court of the United States does not sustain the doctrine. *Hopkins* v. *Lee*, 6 Wheat., 109. In Sedgwick on Damages, (6th Ed., 218,) after reviewing many English and American cases, it is by the author strongly disapproved. We do not discover that the precise point, namely, whether the measure of damages depends at all upon the cause of the failure to convey, has ever been noticed in any reported case in our own state. Still it can hardly be regarded here as a new question. We think it is virtually settled by decisions in analogous cases. In the case of personal property, the measure of damages has uniformly been based, in this state, upon the value of the articles when they should have been delivered, and not upon the consideration paid therefor. *Smith* v. *Berry*, 18 Maine, 122. *Furlong* v. *Polleys*, 30 Maine, 491. *Berry* v. *Dwinel*, 44 Maine, 255. *Bush* v. *Holmes*, 53 Maine, 417.

The reason assigned in the New York cases, (and in cases elsewhere) for the adoption of the rule there adopted, is the analogy that is claimed to exist between actions for the breach of a covenant to convey land, and actions for the breach of a covenant for the quiet enjoyment of land and for warranty of title. *Baldwin* v. *Munn*, 2 Wend., 399. *Peters* v. *McKeon*, 4 Denio, 546. But that can be no argument for the doctrine here, but conclusive argument against it, inasmuch as, while the rule of damages in those courts, under the covenants of quiet enjoyment and warranty of title, is the consideration paid for the land and interest, the measure in this state is the value of the land at the time of eviction. *Hardy* v. *Nelson*, 27 Maine, 525. *Elder* v. *True*, 32 Maine,

104, and cases there cited. Still it is not to be admitted that a complete similitude exists between the two classes of covenants, in their legal bearing and effect. There is less harshness in applying our rule to contracts to convey, than to the case of covenants in deeds. Improvements are not so likely to be made upon the land in the former as in the latter case by the person in possession. The correctness of the comparison is questioned in the opinion of the majority of the court in *Pumpelly* v. *Phelps, vide supra.*

We think the rule that we are disposed to adhere to, as adapted to all cases, a reasonable one. The pecuniary damages are the same to the vendee, whether the motive of the vendor in refusing to convey is good or bad. It is a difficult thing to ascertain whether or not a vendor is actuated by good faith in his refusal to convey. There can easily be frauds and deceits about it. The vendor is strongly tempted to avoid his agreement, where there has been a rise in the value of the property. The vendee, by making this contract, may lose other opportunities of making profitable investments. The vendor knows, when he contracts, his ability to convey a title, and the vendee ordinarily does not. The vendor can provide in' his contract against such a contingency as an unexpected inability to convey. He can also liquidate the damages by agreement. The measure of relief, afforded by our rule, is a fixed and definite thing. The other rule is not easily applied to all cases, and the books are burdened with discussions and refinements in relation to the modifications and restrictions and qualifications which, in different jurisdictions, have been annexed to it. See notes to Sedgwick on Damages, before cited.

But the ruling would have been right in this case had the action been for money had and received, and it could have been made so by amendment. The declaration is somewhat in the nature of a general count, as it is, although not strictly and technically such. The cause was tried in the same manner and upon the same proofs as if the writ contained the money counts. If it had contained them, the plaintiff would have been entitled to recover the $1000 paid by him and interest on it, upon the ground that, by the institution of the suit, the contract was by him re-

scinded. He had a right to rescind. The defendant did not keep his contract. His failure was a total one. For that reason it is clear, upon the authorities, that the money paid was recoverable back. *Keys* v. *Harwood*, 2 C. B., 905. *Planche* v. *Colburn*, 8 Bing., 14. *Miner* v. *Bradley*, 22 Pick., 457. *Canada* v. *Canada*, 6 Cush., 15. *Appleton* v. *Chase*, 19 Maine, 74. *Wright* v. *Haskell*, 45 Maine, 489. Parsons on Contracts, vol. 2, p. 191. *Lawrence* v. *Taylor*, 5 Hill, 107. *Reddington* v. *Henry*, 48 N. H., 273. *Loder* v. *Kekule*, 91 E. C. L., 128.

We think it would best accord with justice to the parties to allow the verdict to stand, if the plaintiff desires it, upon terms.

Therefore, we advise the court below to permit an amendment of the declaration, by the substitution of a count for money had and received, in lieu of the present count, upon the condition that the plaintiff shall recover no costs in the action, and the defendant none.    *If this is done, the exceptions to be overruled; otherwise to be sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.