FARMERS AND CITIZENS BUILDING, LOAN FUND AND SAVINGS ASSOCIATION v. RECTOR.

[No. 2,676.   Filed March 28, 1899.]

VENDOR AND PURCHASER.—*Breach of Contract.—Measure of Damages.*—The measure of damages for a breach of contract to purchase real estate is the difference between the price of the property as fixed in the contract and the fair cash value at the time of the breach of the contract. *pp. 102, 103.*

PRACTICE.—*Number of Witnesses.*—Available error cannot be predicated on the action of the court in limiting the number of witnesses on a certain point to twelve on each side after the complaining party had examined six of his witnesses on such point, where it is not shown that he was in any way harmed by such action. *pp. 103, 104.*

EVIDENCE.—*Weight.—Witnesses.— Impeachment.*—Where defendant testified in support of his verified answer, a verdict thereon in his favor will not be set aside for want of evidence because of the impeachment of defendant, where several witnesses testified that defendant's reputation for truth was bad, and others testified that it was good. *p. 104.*

From the Putnam Circuit Court.   *Affirmed.*

*B. F. Corwin, S. A. Hays* and *R. C. Lewis,* for appellant.

*P. O. Colliver,* for appellee.

ROBINSON, J.—Appellant sued appellee for damages for breach of contract.   Trial by jury and verdict and judgment for appellee.   The only error assigned is overruling appellant's motion for a new trial.

The first paragraph of complaint avers that in July, 1896, appellant was the owner of certain real estate, described, which it acquired at sheriff's sale in February, 1894, pursuant to a decree of foreclosure in appellant's favor, and in July, 1896, was the owner and holder of the sheriff's certificate of purchase; that on that date appellee executed to ap-

pellant his written proposition, and agreed to purchase the same for $1,600,—$400 cash September 1, 1896, and the balance in three payments, secured by mortgage; appellant to furnish appellee an abstract of title and assign the sheriff's certificate to appellee; that appellant accepted this proposition in writing, and put appellee in possession; that in September, 1896, appellant tendered appellee an abstract of title and the sheriff's certificate duly assigned to appellee, and demanded of appellee payments as agreed upon; that appellee refused to accept the abstract and certificate, and refused to make the payments, which abstract and certificate were brought into court; that appellant has performed all the conditions of the contract on its part; that at the time the contract was made the real estate was worth $1,200; that its present value is $1,000, and that "plaintiff has been damaged by reason of the failure of the defendant to keep and perform his contract in the sum of $600." The contract and certificate were filed as exhibits.

The second paragraph of complaint is substantially the same as the first but seeks to recover the full contract price of the property with interest from the date of the breach. No good purpose could be subserved in setting out this paragraph, as it is evident from the record that the case was tried on the first paragraph. The twelve witnesses called by appellant upon the question of damages testified, in answer to questions by appellant, that the fair cash value of the property at the date of the breach of the contract was from $1,000 to $1,200, and appellant offered to prove by a number of other witnesses that the value of the property at the date of the breach was $1,000 to $1,100.

The court instructed the jury that if they found for appellant, the measure of damages would be the difference between the price of the property as fixed in the contract and the fair cash value of the property at the time of the breach of the contract in September, 1896. This instruction correctly stated the law, and was strictly in accord with the evi-

dence.   And it is very evident that this is the theory upon which appellant sought to make a case.   It follows that an instruction requested by appellant which, in effect, told the jury that if appellant had fully complied with the contract, and appellee refused to comply therewith, "the measure of damages would be the sum agreed upon as the purchase price for said real estate as stipulated in said contract," was properly refused.   See *Porter* v. *Travis*, 40 Ind. 556; *Pittsburgh, etc., R. Co.* v. *Heck*, 50 Ind. 303; *Dolman* v. *Studebaker*, 52 Ind. 286.

The instructions given by the court clearly and fully state the law of the case as applicable to the evidence, and no objection to them has been made aside from the question of the measure of damages.

One of the reasons for a new trial was the court's refusal to permit certain witnesses to testify as to the value of the property.   When appellant had introduced six witnesses on value, the court informed the parties that the number of witnesses on that question would be limited to twelve on each side.   After appellant had introduced the twelfth witness, it offered to introduce another, which the court refused. Appellant then offered to prove by each of twenty-one witnesses named that the value of the property in question on September 1, 1896, was from $1,000 to $1,100.

There was no error in this action of the court.   The general rule in such cases is that the court should notify the parties of the intention to limit the number of witnesses before any evidence is introduced, yet, in the case at bar, appellant was permitted to introduce six witnesses after notice was given that the number would be limited; and if the court had in the first instance, before any evidence was introduced, limited the number of witnesses to six on each side, we could not say that there had been an abuse of discretion.   The evidence offered was precisely of the same nature as that already introduced.   An examination of the record fails to disclose that appellant was in any way harmed by this action of the

court. Where a matter depends upon the discretion of the court, a clear abuse thereof must be made plain to warrant a reversal. See *Mergentheim* v. *State*, 107 Ind. 567; *Union, R., etc., Co.* v. *Moore*, 80 Ind. 458; *Jones* v. *Lindsay*, 98 Ind. 218.

Counsel argue that the verdict of the jury is contrary to law, and not sustained by sufficient evidence. Appellee answered the complaint with a verified plea that he did not execute the contract in the manner and form alleged, and that the same is not his contract. There is evidence upon which the verdict can rest, and it is not denied that appellee testified in support of his answer. It is true a number of witnesses testified that appellee's character for truth was bad, but a number of witnesses also testified in support of his good character in that regard. The court by a proper instruction left the matter of his impeachment with the jury. The trial court and the jury who saw and heard all these witnesses have passed upon the matter adversely to appellant, and we cannot disturb the conclusion thus reached without weighing the evidence, and this we cannot do. If the allegations of appellee's answer are true, and there is evidence that they are, appellant was not entitled to recover. We find no error. Judgment affirmed.

Wiley, J., absent.