FOSTER ET AL. *v.* KLINGER ET AL.

[No. 13,537. Filed March 11, 1931. Rehearing denied June 17, 1931. Transfer denied July 17, 1931.]

*Raymer & Olds,* for appellants.
*State, Harman & Wider,* for appellees.

LOCKYEAR, C. J.—This case comes to us by way of special findings of facts and conclusions of law stated thereon, to which conclusions of law the appellants duly excepted.

The facts found by the court essential to a decision of this case are as follows: The appellees were the owners of certain real estate fronting on State Street in Elkhart, Indiana, which the appellees believed to be 100 feet in width; on June 1, 1920, the appellees and appellants entered into a written contract for the sale and purchase of the real estate in question, describing it as "Lot number twenty-three (23) and thirty-four (34) feet off the east side of lot number twenty-four (24) S. M. Beeson's Addition to the City of Elkhart," for and in consideration of $3,600 to be paid in installments; the contract was signed by the appellees and appellants; the above description was for 100 feet frontage which the appellees believed they owned, but, in truth and fact, they only owned 78 feet frontage on said street; in September 1925, appellants informed appellees that they were ready to complete payments as required by the contract, whereupon, said appellees had a deed prepared describing the property as lot 23 and 12 feet in width off the east side of lot 24 in S. M. Beeson's Addition to the city of Elkhart; same was tendered to appellants, who were then ready to pay the balance due, but, when they discovered that the deed called for only 78 feet, appellants declined to accept same, and demanded a deed for 100 feet as provided in the contract; thereafter, they continued to make their payments until they had paid all on said contract that was due and an excess of $14.17; a laundry

building was situated on said real estate; the 22 feet of real estate in question was an unoccupied portion of lot 24 lying west of the building and fronting on said State Street.

The court found that the value of the buildings on the real estate at the time of the contract was $3,200.

The court announced as conclusions of law: (1) The law is with appellants on the issues formed on the complaint and answer, and they should have specific performance of the contract to the extent that appellees are able to do, and appellees are ordered to execute to them within 30 days a warranty deed for the 78 feet frontage; (2) appellants should recover, as and for an abatement from the purchase price, the sum of $88, and a return of the overpayment on the contract of $14.17. Judgment was rendered accordingly.

The complaint is for specific performance as to the 78 feet which appellees could convey and for damages for the failure of the appellees to convey the said 22 feet of land agreed to be conveyed. Both parties agree that the appellees are liable, and the only question before us is the measure of damages.

At the trial, appellants offered testimony as to the value of the 22 feet of land in question at the time the appellants were entitled to their deed, and also offered to prove that the value of the 100 feet, exclusive of the buildings, was $65 per front foot. To this offer objections were made by appellee and proper offer to prove was made, and the court sustained the objections. Proper exceptions were taken, and the ruling of the court is properly presented as error on this appeal.

It appears that the trial court was of the opinion that the contract price of the real estate, including the buildings, was $3,600, and that the contract price was the measure of damages for the 22 feet which the appellees could not convey. The court found the

value of the buildings when the contract was executed to be $3,200; therefore, the value of the 100 feet of real estate, exclusive of the buildings, was $400, or $4 per front foot; therefore, appellant's damage was $88. We do not thus understand the law.

In *Hopkins* v. *Lee* (1821), 6 Wheat. (U. S.) 109, 5 L. Ed. 218, in a suit by the vendee for damages for failure of the vendor to carry out his executory contract for the sale of lands, the court used the following language: "The rule is settled in this court, that in an action by the vendee for a breach of contract on the part of the vendor, for not delivering the article, the measure of damages is its price, at the time of the breach." To the same effect, see *Kemper* v. *Cohn* (1886), 47 Ark. 519, 1 S. W. 869, 58 Am. Rep. 775; *Plummer* v. *Rigdon* (1875), 78 Ill. 222, 20 Am. Rep. 261; *Puterbaugh, Admx.*, v. *Puterbaugh* (1893), 7 Ind. App. 280, 33 N. E. 808, 34 N. E. 611; *Doherty* v. *Dolan* (1876), 65 Me. 87, 20 Am. Rep. 677; *Hawk* v. *Pine Lumber Co.* (1908), 149 N. C. 10, 62 S. E. 752.

In the case of *Wilson* v. *Brumfield* (1846), 8 Blackf. (Ind.) 146, it is held that a purchaser of real estate cannot be compelled to take only a part of the land for which he has contracted. If he cannot get the whole, he has a right to rescind the contract; but he has also a right, generally, to insist that the vendor shall perform the contract as far as he is able and make compensation in damages for the breach of that part of it which he cannot perform.

In *Puterbaugh* v. *Puterbaugh, supra,* we find this language: "The weight of authority supports the proposition that in an action based upon a contract for damages necessarily resulting to the plaintiff because of the failure or refusal of the defendant to convey, when the full contract price has been paid, the vendee is entitled to recover the value of the land, or interest therein,

not conveyed. This rule prevails in cases where the vendor, through unanticipated causes, which he cannot control, although acting in good faith, is unable to convey," citing *Doherty* v. *Dolan, supra; Drake* v. *Baker* (1871), 34 N. J. Law 358; 2 Sutherland, Damages 217; *Pumpelly* v. *Phelps* (1869), 40 N. Y. 59, 100 Am. Dec. 463; *Lewis* v. *Lee* (1860), 15 Ind. 499; *Wilson* v. *Brumfield, supra; Martin* v. *Merritt* (1877), 57 Ind. 34, 26 Am. Rep. 45; *Woodbury* v. *Luddy* (1867), 14 Allen (Mass.) 1, 92 Am. Dec. 731; *Dustin* v. *Newcomer* (1837), 8 Ohio 49; *Hopkins* v. *Lee, supra.* The court concludes that part of the case by saying, at p. 296: "The vendee in such case may, in part discharge of the obligation, accept the conveyance of the vendor for that part which he may be able to convey, and recover from the vendor the value of the part not conveyed."

There are many cases in Indiana which hold that, where a husband contracted to convey a certain piece of real estate and the wife refused to join in the conveyance, the conveyance could be compelled of the husband's interest, and the measure of damages awarded against him is the value of the wife's interest, not one-third of the contract price. The vendee is entitled to the profits, if any, in the bargain. See *Martin* v. *Merritt, supra; Baker* v. *Railsback* (1853), 4 Ind. 533; *Wingate* v. *Hamilton* (1855), 7 Ind. 73; *Hazelrig* v. *Hutson* (1862), 18 Ind. 481; *Park* v. *Johnson* (1862), 4 Allen (Mass.) 259; *Presser* v. *Hildenbrand* (1867), 23 Iowa 483; *Wright* v. *Young* (1858), 6 Wis. 127, 70 Am. Dec. 453; *Sanborn* v. *Nockin* (1873), 20 Minn. 178.

As a further illustration of the rule, if the vendee should refuse to accept a conveyance at an agreed price, it has been held that the vendor has a right of action against the vendee, and the measure of damages is the difference between the value of the real estate and the contract price, except where the value is the contract

price or more, then only nominal damages are allowed. *Lewis* v. *Lee, supra; Farmers, etc., Assn.* v. *Rector* (1899), 22 Ind. App. 101, 53 N. E. 297; *Porter* v. *Travis* (1872), 40 Ind. 556.

We hold that appellant should have been permitted to prove the value of that part of the real estate which the appellees were unable to convey at the time the appellants were entitled to a conveyance under the contract.

Judgment reversed.