KLINGLER ET AL. *v.* FOSTER ET AL.

[No. 15,863. Filed March 29, 1938. Rehearing denied May 10, 1938. Transfer denied December 31, 1938.]

*Jay, Phillips & Bontrager,* for appellants.

*Raymer & Raymer,* for appellees.

KIME, J.—This is a second appeal in this case. Following the reversal on the first appeal there appeared to be only the question of damages to be ascertained, however, since that time five additional paragraphs of complaint were filed and questions arising on two of them

are before us now. Both of these paragraphs of complaint proceed upon the theory of specific performance with damages for the inability to perform if such appears. The appellants demurred to each of these paragraphs of complaint contending that neither stated a cause of action. Both demurrers were overruled, following which the appellants answered in five paragraphs. There was a demurrer addressed to the third, fourth, and fifth paragraphs of answer which was sustained. Thereafter appellee replied in general denial to the second paragraph of answer. There was a request for a special finding of facts and conclusions of law and the court made a special finding of facts and stated conclusions of law thereon in favor of the appellees and rendered judgment for specific performance and damages.

The conclusions of law were: (1) That the law is with the plaintiff on the issues as formed. (2) That plaintiffs have performed each and all of their agreements on their part to be performed, and as contained in said contract of purchase, and so performed all of their agreements prior to the time this suit was instituted, and that they are entitled under said contract to a deed for a one hundred foot frontage. (3) That said contract of purchase should be reformed by amending the description of the real estate, said amended description being as follows: Beginning at a point on the north line of State Street, in the City of Elkhart, Elkhart County, Indiana, which point is 110.82 feet east of the east line of Monroe Street, and which point is the end of a cement sidewalk; thence east along the northerly line of State Street, 100 feet; thence north about 126 feet to a 10-foot alley; thence west along the south line of said alley, 100 feet; thence south parallel with the east line of Monroe Street to the place of beginning. That the plaintiffs are entitled to specific performance of the contract in question, with said description so reformed,

to the extent that defendants are able to perform and should therefore have and receive from defendants a warranty deed for lot number twenty-three (23) as same is known and designated on the record plat of S. M. Beeson's Addition to Elkhart and a strip of land 12 feet in width off the entire east side of lot number twenty-four (24) in said addition; excepting, however, therefrom the following tract of land which was taken by the New York Central Railroad Company under condemnation proceedings, to wit: Beginning at the southeasterly corner of said lot number twenty-three (23) in S. M. Beeson's Addition to the City of Elkhart, Indiana, thence westwardly along the northerly line of State Street a distance of forty (40) feet, to a point, thence northeasterly in a straight line to a point in the easterly line of lot number twenty-three, a distance of fifty-five (55) feet northwardly from the place of beginning; thence southerly along the easterly line of said lot number twenty-three (23) to the place of beginning.

Said deed to be properly acknowledged before an official authorized by law to take acknowledgements and same to bear United States Revenue stamps properly cancelled to the amount of Four Dollars ($4.00):

That defendants should execute and deliver to plaintiffs such a deed within ten (10) days from date hereof and upon their failing so to do, that a commissioner should be appointed to convey the same and Stanley A. Raymer is now hereby appointed as such commissioner to execute and deliver such conveyance in the event that defendants neglect or fail to do so. (4) That the plaintiffs should recover as and for damages for the breach of said contract by defendants in the sum of $330.00 with interest thereon from March 29, 1927, at the rate of six per cent (6%) per annum; a total of $509.41. (5) That the plaintiffs should also recover of defendants their costs herein.

The main question presented here by exceptions to the conclusions of law and the only question necessary to a decision in this case is whether or not the appellees should have proceeded in law or in equity. Appellants' demurrers to the fourth and fifth paragraphs of complaint raised this question as does the exceptions to conclusions of law.

From the finding of facts it appears that the appellants were the owners of some real estate; that while the appellees were their tenants there was a contract executed whereby the appellants were to convey to the appellees this real estate; that appellant, Charles Klingler, pointed out to the appellee, George Foster, the boundaries of the property that he contracted to convey; and that the description of this property incorporated in the contract was not a correct description of the property pointed out. In the fifth paragraph of complaint the appellee asked for a reformation of the contract to conform to the actual contract between the parties and, as did the fourth, asked for specific performance of the contract; that in the event the appellants could not convey all of the property pointed out that they should be required to convey that portion which they were able to and appellees asked damages for appellants' inability to convey the remainder.

The appellees, when the appellants refused to convey the property pointed out, had the right of election as to the remedy they would pursue. The appellees could have (a) rescinded the contract and sued at law for their damages; (b) they could have sued for specific performance for such portion of the contract for which specific performance could be had and damages for the remainder; (c) they could have accepted the part that the appellants could have conveyed and brought an action at law for the balance; (d) they could have accepted the part that the appel-

lants could have conveyed and offered to submit the question of damages to arbitration; or (e) they could have accepted the part the appellants could have conveyed and compromised the difference. However, in all events, *the election was with the appellees*. The appellants here were the owners who had violated their contract and they were not in a position to demand that the appellees pursue any particular remedy. The appellees elected to sue for specific performance and since it was not clear what portion of the real estate was actually involved and that the description in the contract was not the description intended by both parties they sought in addition the reformation of the contract, and asked that it be ordered specifically performed, with damages for the difference. Under the facts found the conclusions of law stated on the finding of facts are correct. *Foster* v. *Klingler* (1931), 92 Ind. App. 700, 175 N. E. 136; *Lewis* v. *Lee* (1860), 15 Ind. 499; *Puterbaugh, Admx.* v. *Puterbaugh* (1917), 67 Ind. App. 280, 119 N. E. 169; *Wilson* v. *Brumfield* (1844), 7 Blackford 146; *McKinley* v. *Britton* (1913), 55 Ind. App. 21, 103 N. E. 349, and cases therein cited.

From the finding of facts it is apparent that appellees are entitled to have the contract reformed and to have specific performance of that portion of the property which the appellants were able to convey with damages for the difference.

No reversible error having been shown, the judgment of the Elkhart Circuit Court is in all things affirmed.