## McGregor v. Echols.

### Opinion delivered April 10, 1922.

1. VENDOR AND PURCHASER—DAMAGES FOR BREACH OF CONTRACT.— The proper measure of damages for breach by the purchaser in an executory contract for the sale of land is the difference between the contract price and the market value at the time of the breach, less the portion of the purchase price already paid.

2. VENDOR AND PURCHASER—INCUMBRANCE NO DEFENSE WHEN.—It is no defense to an action by the vendor on an executory contract of sale that at the time the contract was executed the property was incumbered by a vendor's lien, if the incumbrance was removed before the time for completing the purchase.

Appeal from Woodruff Circuit Court, Southern District; *J. M. Jackson,* Judge; reversed.

STATEMENT OF FACTS.

This was a suit by a vendor against his vendee for the breach of an executory written contract for the sale of land.

On the 28th day of April, 1920, D. H. Echols entered into a written contract whereby he agreed to sell to J. D. McGregor about 630 acres of land in Woodruff County, Ark., for the sum of $50,000. The sum of $500 was paid to Echols by McGregor at the time the instrument was signed, and it was provided that McGregor might pay $9,500 in cash on January 1, 1921, and execute eight promissory notes for $5,000 each for the deferred payments. The instrument also provided that Echols should remain in possession of the land and be entitled to the rents thereof for the year 1920.

On January 1, 1921, D. H. Echols executed a warranty deed to said land to Joe D. McGregor and tendered the same to him and demanded the payment of $9,500 from him and the execution of his promissory notes for the balance of the purchase money. McGregor refused the tender and declined to carry out the contract on his part. Echols then instituted this suit against him in the circuit court to recover damages.

In addition to the above facts, it was shown at the trial that Echols had purchased the land from Dr. R. R. James for $40,000. He paid $10,000 in cash, and Dr. James retained a lien on the land for the balance of the purchase money. On the 1st day of January, 1921, Dr. James executed an instrument in writing in favor of D. H. Echols whereby he agreed to accept the purchase money notes of Joe D. McGregor to the amount of his vendor's lien and to release his vendor's lien on said land. There were about $1,600 or $1,700 worth of mules and farming implements that went with the sale of the place. McGregor never took possession either of the land or of the personal property.

McGregor offered to prove that the market value of the land on the 1st day of January, 1921, was more than $50,000. The court excluded this testimony and instructed the jury to return a verdict for the plaintiff in the sum of $7,800.

From the judgment rendered the defendant has duly prosecuted an appeal to this court.

*Mathis & Trice* and *C. F. Greenlee,* for appellant.

The court erred in directing a verdict for the plaintiff.

The measure of damages for breach of contract to purchase land is the difference between the price agreed to be paid for the land and its real value at the time the contract is broken. Sutherland on Damages, vol. 2, p. 196; 6 Gray 25; 7 M. & W. 474; 127 Iowa 545; A. & E. Ann. Cas. vol 4, p. 789; 2 Warvelle on Vendors, sec. 937; 67 Am. Dec. 278; 2 Sutherland on Damages, sec. 1758; Wood's Mayne on Damages, sec. 243; Hall on Damages, p. 366; 98 Iowa 242; 52 L. Rep. Ann. 258; 51 N. H. 167; 12 Am. Rep. 76; 63 N. H. 171; 10 App. D. C. 379; 40 Ind. 466; 16 Abb. Pr. 133; 66 Am. Dec. 394; 62 Pa. 148; 51 N. H. 167; 39 Cyc. 2114; 47 Ark. 519; 2 Ark. 397; 6 Wheat. 109; L. R. 3 Q. B. 1 L. R. 4 Q. B. 659; 40 N. Y. 59; 65 Me. 87; 58 Mo. 32; 17 Amer. Rep. 678; 78 Ill. 222; 20 Am. Rep. 261; 55 Ark. 376; 70 Ark. 39; 92 Ark. 111; 79 Ark. 338; 40 Fed. 677; 55 Ark. 199.

A purchaser of real estate is entitled to a marketable title free from incumbrance and defects, unless he expressly stipulates to accept a defective title. 63 Ark. 548; 66 Ark. 436; 85 Ark. 289; 11 Ark. 75; 121 Ark. 482; 97 Ark. 397; 108 Ark. 490; 87 Ark. 490; 126 Ark. 420; 103 Ark. 425.

*Roy D. Campbell,* for appellee.

The court was correct in rendering judgment for the defendant. Where a party agrees to purchase real estate at a stipulated price and subsequently refuses to perform his contract, the loss in the bargain is the measure of damages. Sutherland on Damages, p. 38; 33 C. C. A. 550; 178 U. S. 1; 52 L. R. A. 258.

Whenever a contract is breached the party to the contract that is without fault is entitled to his action for any damage he has sustained. 80 Ark. 232; 13 Cyc. 53; 78 Ark. 336; 97 Ark. 533; 80 Ark. 288; 91 Ark. 427; 95 Ark. 363; 78 Ark. 336; 69 Ark. 219; 105 Ark. 433; 111 Ark. 485; 122 Ark. 192; 140 Ark. 78; 145 Ark. 182; 122 Ark. 189; 103 Ark. 584.

HART, J. (after stating the facts). The court erred in instructing a verdict for the plaintiff. The plaintiff purchased the land for $40,000 and sold it to the defendant for $50,000. The defendant paid $500 at the time the written contract for the sale of the land was executed. There was about $1,600 or $1,700 of personal property that was to go with the land. By deducting the $500 paid when the contract was executed and the value of the personal property in the sum of $1,700 from $10,000, the estimated profits of Echols, the court arrived at the sum of $7,800, for which the jury was directed to return a verdict in favor of the plaintiff.

The court did not adopt the proper measure of damages. It is true that McGregor committed a breach of the contract by failing to accept the deed tendered by Echols and to carry out his part of the contract, but this left Echols in possession of the land and of the personal property. In such cases the rule as announced by this court, which is in accord with the weight of authority on the question, is to the effect that, upon the breach by the vendee of an executory contract for the sale of land, the vendor may have an action at law for damages, and his measure of damages is the difference between the contract price of the land and its market value at the time of the breach, less the portion of the purchase price already paid. *Fears* v. *Merrill,* 9 Ark. 559; *Old Colony Railroad Corporation* v. *Evans,* 6 Gray (Mass.) 25; *Porter* v. *Travis,* 40 Ind. 556; *Hodges* v. *Kowing,* 58 Conn. 12; *Pritchard* v. *Mulhall* (Iowa) 4 Ann. Cas. 789; *Muenchow* v. *Roberts,* 77 Wis. 520, and *Hogan* v. *Kyle,* (Wash.) 35 Pac. 399.

In an action by the purchaser of land for a breach of the contract to convey, this court has also laid down the rule that the measure of damages is the difference between the contract price and the value of the land when the breach occurred, with interest on such difference. *Kempner* v. *Cohn,* 47 Ark. 519.

In *Old Colony Railroad Corp.* v. *Evans,* (Mass.) 6 Gray, 25, 56 Am. Dec. 394, the rule of damages is clearly

stated as follows: "In actions against a vendee on a contract for the purchase of real estate, we had supposed it to be a well settled rule that when a party agreed to purchase real estate at a certain stipulated price, and subsequently refuses to perform his contract, the loss in the bargain constitutes the measure of damages, and that is the difference between the price fixed in the contract and the salable value of the land at the time the contract was to be executed."

It follows that the court erred in excluding the testimony offered by the defendant as to the market or salable value of the land at the time he breached the contract and in directing a verdict for the plaintiff.

It is also insisted by counsel for the defendant that the plaintiff is not entitled to recover, because Dr. James had a lien on the land for $30,000. The record showed that Dr. James executed an instrument in writing releasing his vendor's lien for the unpaid purchase money upon the delivery to him of the notes to McGregor for a like sum. The general rule is that where a contract is entered into in good faith, it is not necessary that the vendor be actually in the situation to perform it at the time it is entered into, provided he be able at the proper time to place himself in that situation. Incumbrances on the land when the contract is made will form no ground of objection thereto if removed before the time of completing the purchase. 39 Cyc. 1931-1932; *Townsend* v. *Goodfellow,* (Minn.) 41 N. W. 1056.

The record shows in the present case that the incumbrance was removed by the date that Echols was required to execute a deed to the land to McGregor. Therefore, the contention of the defendant on this point is not well taken.

For the error in directing a verdict for the plaintiff, as indicated in the opinion, the judgment must be reversed and the cause remanded for a new trial.