Jack E. HEARRELL *v.* Mitchell J. ROGERS

. CA 82-223                    646 S.W.2d 703

Court of Appeals of Arkansas
Opinion delivered February 23, 1983

*Jonathan P. Shermer, Jr.,* for appellant.

*Highsmith, Gregg, Hart & Farris,* by: *Josephine L. Hart,* for appellee.

TOM GLAZE, Judge. This case presents a situation in which the appellee breached a real estate contract he had entered into with the appellant. In his sole point for reversal, appellant argues the trial court erred in its award of damages.

Appellant, a speculative house builder, sold one of his homes to appellee for $59,400. The parties executed a standard offer and acceptance contract that contained an earnest money provision. They agreed to $300 earnest money which would become liquidated damages under the following terms:

> If, after acceptance, Buyer fails to fulfill his obligations, the earnest money shall become liquidated damages, WHICH FACT SHALL NOT PRECLUDE SELLER OR AGENT FROM ASSERTING OTHER LEGAL RIGHTS WHICH THEY MAY HAVE BECAUSE OF SUCH BREACH.

The trial court found the appellee violated the terms of the parties' contract, and it awarded $300 in liquidated damages. Because his actual damages exceeded the stipulated $300, appellant contends that under the terms of the agreement he was not precluded from proving and receiving a greater amount. Appellant's contention is contrary to well established law on the subject.

An argument similar to appellant's was posed in *Blackwood* v. *Liebke,* 87 Ark. 545, 113 S.W. 210 (1908). In *Blackwood,* the Court rejected the suggestion that an agreement for liquidated damages could be disregarded when the damages are capable of ascertainment. It stated:

But the question is not as to the status of the parties at the time when the contract terminated, but as to the status of the parties at the time they made the contract. It may be, as the contract works out, that it would be easy to ascertain the damages for the breach of it, or to prove that there were none. But if the status of the parties at the time of the contract was such that it would be difficult or impossible to have anticipated the damage for a breach of it, and there was a positive element of damage, then under the authorities there is no reason why that may not be anticipated and contracted for in advance.

*Id.* at 553, 113 S.W. at 212-13.

In the instant case, when the parties executed their contract, they no doubt had difficulty in anticipating what damages might result from any breach. We know for certain that since the contract was breached, the appellant and appellee have been unable to come close to agreeing on what damages resulted. For example, appellant argues that his actual damages totaled $1,906, which represents the interest on construction mortgage payments he incurred between the breach and the subsequent sale of the house. Appellee counters that appellant actually netted more than $1,300 after the breach because he eventually sold the house, without certain costly items required by appellee, for $500 more than their original contract price. Because of the parties' divergent views on the amount of damages appellant sustained by appellee's breach, the $300 liquidated damages to which the parties agreed does not appear unreasonable.

We also note another reason the $300 liquidated damages provision should be enforced. The Supreme Court in *McGregor* v. *Echols*, 153 Ark. 128, 239 S.W. 736 (1922), held that the proper measure of damages for breach by the purchaser in an executory contract for the sale of land is the difference between the contract price and the market value at the time of the breach, less the portion of the purchase price already paid. Here, the parties ignored the measure of damages adopted in *McGregor* and instead agreed to stipu-

late damages. Neither party offered any evidence at trial concerning the market value of the property at the time appellee breached the contract, nor were they so required because they did liquidate damages. We suspect any damages incurred by the appellant under the *McGregor* rule would have been minimal, because only five months transpired between the date the parties signed the contract, the date appellee breached it and the date appellant sold the property to a third party.

Under the facts of this case, any anticipated damages were indeed uncertain, and accordingly, the parties chose to liquidate those damages. By the terms of the parties' agreement, the appellant may have sought to enforce the agreement rather than sue for damages. However, because appellant brought an action to seek damages, we believe the trial court was correct in enforcing the liquidated damage provision contained in the parties' agreement.

We affirm.

Affirmed.