Ralph R. MILLER, et al v.
ESTATE of Dale B. DAWSON, Deceased, et al.

CA 84-251                      686 S.W.2d 443

Court of Appeals of Arkansas
Division II
Opinion delivered March 20, 1985
[Rehearing denied April 24, 1985.]

*Davis & Cox,* by: *James O. Cox,* for appellant.

*Robert D. Ridgeway, Sr.,* for appellee.

GEORGE K. CRACRAFT, Chief Judge. Ralph and Sandra Miller appeal from that part of a decree ordering specific performance which granted judgment against them in favor of the Estate of Dale B. Dawson, deceased, for rents and profits during a period of delay in performance of a contract for the sale of land and denied their prayer for damages against the estate resulting from delay which they say was attributable to the appellees. From our *de novo* review we find merit in the first contention and remand the case for entry of a modified decree not inconsistent with this opinion.

This voluminous record presented many issues to the chancellor which were correctly resolved by him and from which no appeal was taken. We discuss here only those facts which will bring the issues of this appeal into focus.

On June 24, 1980 Dale B. Dawson entered into a written contract for the sale of a 240 acre tract to Ralph and Sandra Miller for a total price of $150,000, of which $30,000 was to be paid on the date of closing and the balance to be paid in annual installments with interest at the rate of 9% on the unpaid balance until paid. January 1, 1981 was agreed upon as the date for the closing of the sale. The property was then subject to an outstanding lease which would expire on December 31, 1980. The contract provided that the purchasers could have possession of a dwelling on the property rent free and required them to repair and paint it at their own expense. The cost of repair was to be considered as earnest money but was not to be credited on the purchase price. The contract contained a standard provision requiring the seller to provide abstracts representing a merchantable title "to the satisfaction of the buyers' attorney."

The purchasers took posssession of the dwelling and substantially improved it. On December 31, 1980 when the outstanding lease expired they began running cattle on the

entire tract and cutting hay from it. The seller Dale Dawson died in December of 1980 and T. J. Hughes was appointed the personal representative of her estate.

The abstracts were not delivered for examination until April 1981. Each party blamed the other for the delay. Upon examination of the abstract the buyers' attorney certified that the title was not merchantable and required that the title be quieted. Appellees subsequently obtained an opinion from another attorney that the title was merchantable. As the parties were unable to settle their dispute over the title the appellees brought this action in May 1982 seeking rescission of the contract and, in the alternative, damages. The appellants counterclaimed for specific performance. By the date of trial the appellee had amended his complaint praying that if rescission were not found proper, he be granted specific performance of the contract. The chancellor found that the seller's title was merchantable but correctly concluded that as the purchasers had a contractual right to rely upon their attorney's opinion there had been no breach or ground for rescission. He further found that although the purchasers had a reasonable basis for delaying the closing they had no right to enter on the property and retain the rents and profits. The decree granted specific performance to the seller in accordance with the terms of the contract and directed the purchasers to pay the sellers the amount of rents and profits during the period of delay and denied all other relief.

The first issue presented by this appeal is whether it was error for the chancellor to award damages as at law for delay in performance of an executory contract for the sale of land. We conclude that it was. It is well settled that upon the breach of an executory contract for the sale of land the aggrieved party may have an action at law for damages for the breach. The vendor's measure of damages is the difference between the contract price of the land and its market value at the time of the breach less the portion of the purchase price already paid. The purchaser's measure of damage is the difference between the contract price and the value of the land when the breach occurred with interest on the difference. *Harold E. Williams, et al v. Larry Cotten,* (CA

84-216, Opinion delivered by this Court on February 27, 1985); *McGregor* v. *Echols,* 153 Ark. 128, 239 S.W. 736 (1922). It is also settled that where a court of equity denies specific performance it may award damages by those measures provided at law. *Cole* v. *Salyers,* 190 Ark. 53, 76 S.W.2d 669 (1934).

However, where specific performance is ordered in equity the rules for damages as at law do not apply. Treating as done that which ought to have been done the chancellor will apply equitable principles and attempt as nearly as possible to place the parties in the position they would have occupied had there been no delay in performance. The losses occasioned by the delay in performance are equalized by money payments. The guiding priniciple in such cases is to relate the contract back to the date set for its performance. The decree should as nearly as possible require performance in accordance with the terms of the contract, one of which is the date fixed by it for completion, and when that day has passed the court, in order to relate the performance back to it, gives the parties credit for losses occasioned by the delay. *McCoy Farms, Inc.,* v. *J. M. McKee,* 263 Ark. 20, 563 S.W.2d 409 (1979); *Loveless* v. *Diehl,* 236 Ark. 129, 364 S.W.2d 317 (1963). The money payments ordered to equalize losses occasioned by the delay have been referred to as "equitable compensation," and are to be distinguished from damages awarded for breach of contract. *Winters* v. *Shelton,* 357 P.2d 284, (Ore. 1960).

The rule applied in these cases and its rationale are most clearly set out in 71 Am. Jur. 2d 278, *Specific Performance* § 217 as follows:

> The compensation awarded as incident to a decree for specific performance is not for breach of contract and is therefore not legal damages. The complainant affirms the contract as being still in force and asks that it be performed. He cannot have it both ways, performed and broken. It follows from this theory of the remedy by decree of specific performance that damages as such and as at law for breach of contract by the vendor, is not conveying the property at the time fixed

by the contract, are not recoverable by the purchaser as supplementary to the decree, because inconsistent with the retrospective erasure of the breach. The situation is simply that, if the court orders it to be performed, the decree must as nearly as possible order it to be performed according to its terms, and one of those terms is the date fixed by it for its completion. This date having passed, the court, in order to relate the performance back to it, equalizes any losses occasioned by the delay by offsetting them with money payments. The true rationale of decision in respect of compensation for delay is that the contract is being enforced retrospectively and the equities adjusted accordingly. *In reality, therefore, the result is more like an accounting between the parties than like an assessment of damages.*

The general rule, where specific performance is granted of a contract to sell realty, is that the *vendor must account* to the purchaser for any deprivation of the use of the property from the date when possession should have been transferred, and for any detriment to the property caused by his failure to preserve it properly; as against which the *vendor is entitled to credit* for any expenses and carrying charges properly incurred by him for the improvement or preservation of the property, and for any loss of the use of the purchase money or other consideration from that same date. [Emphasis supplied]

In *Loveless, supra,* the seller remained in possession of the premises during the period of delay in performance. In ordering specific performance of the contract the chancellor awarded the purchaser the fair rental value of the land occupied by the seller during the period of delay. On appeal the Supreme Court declared that the chancellor was correct in charging the seller with the rental value of the land where he had retained possession beyond the closing date but should have gone further and charged the purchaser with interest at the legal rate upon the unpaid portion of the purchase price in the same period. There the court said:

The two charges are equitably offsetting and should go

together. The sellers are charged with the rental value because they have had the use of the buyers' land, and the buyers are charged with interest because they have had the use of the sellers' money. . . . To make either charge without the other is evidently unwarranted, for it gives the favored party the use of both the land and the money.

Here the purchasers, the Millers, were in possession during the period of delay and if the contract related back to the date set for performance they would be entitled to retain the rents and profits. It was error under these circumstances to require them to account for that sum to the seller. However, the chancellor should have allowed the seller interest on the unpaid portion of the agreed purchase price from the date of closing to the date of performance. To hold otherwise would give the purchaser the use of both the land and the money during the entire period of delay. *Loveless, supra;* 81A C.J.S. § 198(b) *Specific Performance* (1977).

On this point the decree must be modified both to require the purchasers to pay interest on the purchase price and to relieve them of the obligation of reimbursing the sellers for the rents and profits. In all other respects the decree is affirmed.

There was no error in the Chancellor's denial of appellants' claim for compensation for loss of a timber contract and oil lease occasioned by the delay. Damages for those losses would not have been recoverable in an action at law as not flowing naturally from the breach and not within the contemplation of the parties. *Kempner* v. *Cohn,* 47 Ark. 519, 1 S.W. 869 (1886). There was no error in not considering them in stating the account between the parties in specific performance.

The decree is modified as indicated and the cause is remanded so that the account may be stated in accordance with this opinion and a final decree entered.

Reversed and remanded.

CORBIN and GLAZE, JJ., agree.