**Paul HOLLARS and Jacqueline Hollars, Appellants (Plaintiffs Below),**

**v.**

**R.A. RANDALL, Appellee (Defendant Below).**

**No. 27A02–8808–CV–294.**

Court of Appeals of Indiana, Second District.

June 7, 1990.

Zobrosky & Zobrosky, Arden W. Zobrosky, and Ann E. Zobrosky, Marion, for appellants.

Herbert A. Spitzer, Jr., Browne Spitzer Herriman Browne Stephenson & Holderead, Marion, for appellee.

SULLIVAN, Judge.

Paul and Jacqueline Hollars (Hollars) appeal the judgment of the trial court denying them "liquidated damages" as provided in a real estate Purchase Agreement with R.A. Randall (Randall).

We affirm.

The Hollars entered into a purchase agreement with Randall to buy a six acre tract of land. The purchase agreement was signed on August 25, 1986. The agreement was negotiated through Frank Ketcham, a real estate broker. The Hollars and Randall never met. The contract specified that the transaction would be closed on or before September 5, 1986. However, Randall was unable to secure mortgage releases on the property and therefore could not deliver clear title on September 5, 1986. The Hollars attempted to complete the deal on September 5 by going to Ketcham's home and offering the purchase price. However Ketcham told the Hollars that Randall could not close. The Hollars, through their attorney, sent a letter to Randall dated September 9, 1986, demanding conveyance of the property and damages for failure to timely close. The transaction was never completed, and on March 11, 1987, the Hollars filed their Complaint seeking both specific performance and damages. After a bench trial, the court ordered specific performance of the contract but denied damages. The Hollars appeal from the denial of damages.

■ The Hollars are appealing from a negative judgment which can only be challenged as contrary to law. Therefore, the judgment will be set aside only if the evidence is without conflict and can lead to one result and the trial court has reached an opposite conclusion. *Mason v. Gohmann* (1986) 2d Dist.Ind.App., 498 N.E.2d 1344. Further, the judgment in this case is a general judgment and we will affirm if the judgment is sustainable upon any theory supported by the evidence. *City of Logansport v. Remley* (1983) 2d Dist.Ind. App., 453 N.E.2d 326.

The Hollars argue that the trial court erred in denying their claim for damages. Specifically, they argue that the court misinterpreted the provision in the purchase agreement upon which their claim is founded.

The purchase agreement contains the following provisions:

"CLOSING DATE—This transaction shall be closed on or before Sept. 5th, 1986 or within N/A days after loan approval, whichever is later.

POSSESSION—Purchaser to have complete possession of the property no later than 0 days after closing the transaction and seller's possession until this time shall be free of rent. Failure of seller to deliver possession within this time limit shall not make seller a tenant of purchaser, but in such event seller shall pay purchaser $50.00 per day as damages for breach of contract and not as rent. This provision shall not prevent purchaser from pursuing any other legal or equitable remedy available under the law." Record at 116.

In its decree, the trial court made the following interpretation of these provisions:

"The Court further finds that plaintiffs are not entitled to recover the sum of $50.00 per day from date of September 5, 1986, finding such sum per day as damages relate to the seller holding over in possession of the real estate after the physical act of closing and transferring title from seller to buyer and not damages for merely failing to meet the closing date of September 5, 1986." Record at 80.

The Hollars argue that the court incorrectly interpreted the purchase agreement. They argue that Randall was obligated under the contract to convey the land on September 5, 1986, and his failure to per-

form entitles them to $50.00 per day in "liquidated damages." [1]

▮ When interpreting written contracts, the intent of the parties at the time the contract was made is determined by the language used in the contract. *Hendershot v. Charleston National Bank* (1989) 2d Dist. Ind.App., 540 N.E.2d 615. Furthermore, the words used in a contract are to be given their ordinary and common meaning. *Anderson v. State Farm Mut. Auto Ins. Co.* (1984) 3d Dist. Ind.App., 471 N.E.2d 1170.

▮ The Hollars argue that the trial court "ignored the plain meaning of the terms of the agreement and made a new agreement for the parties by making the transfer of possession of the real estate at the whim of Seller." Brief of Appellant at 20. The Hollars' argument is based upon their interpretation that the contract ties possession and closing together and Randall's failure to close constituted failure to deliver possession and triggered the damages provision.

We cannot agree with the Hollars' interpretation of the damages provision. The provision allowing the Hollars to collect $50.00 per day clearly and unambiguously relates to failure to deliver possession of the property. The right to possession was to occur at the time of closing. No right to possession could arise prior to closing. Therefore, the Hollars could not enforce their right to possession unless Randall had a duty to close on September 5, 1986. The determination of whether the parties were obligated to close on September 5 depends upon whether time was of the essence.

▮ The Hollars in this case were seeking specific performance of the purchase agreement which is an equitable remedy. Courts asked to give equitable relief generally do not consider time to be of the essence unless the terms of the agreement or the conduct of the parties indicate that the intent of the parties was to make it so. *Donavan v. Ivy Knoll Apts. Partnership* (1989) 4th Dist. Ind.App., 537 N.E.2d 47.

The contract in this case does not contain a provision making time of the essence. Moreover, this court has previously indicated that merely specifying a certain date for closing does not make time of the essence. *Donavan, supra; Keliher v. Cure* (1989) 2d Dist. Ind.App., 534 N.E.2d 1133.

Neither does our review of the conduct of the parties with respect to this agreement convince us that the parties intended time to be of the essence. Because time was not of the essence, Randall did not have an absolute duty to close on September 5, 1986. The Hollars therefore did not have a right to possession of the property, and they were not entitled to the $50.00 a day provision under the terms of the contract.

▮ We note that the Hollars did not seek "equitable compensation" [2] for Randall's delay in conveying the land, relying instead on the $50.00 provision contained in the contract. We therefore af-

---

1. It is technically incorrect to characterize the $50.00 provision as "liquidated damages." If the provision were truly for liquidated damages, the Hollars would have had an adequate remedy at law and would not have been entitled to specific performance. *See Dukes v. Bash* (1902) 29 Ind.App. 103, 64 N.E. 47.

2. Because the Hollars sought specific performance of the purchase agreement and "liquidated damages," the trial court was faced with the prospect of giving both equitable and legal relief. At common law, the plaintiff was required to elect between seeking relief in equity and relief in law. *See, Klingler v. Foster* (1938) 106 Ind.App. 98, 13 N.E.2d 906. However, the modern state of the law is not as precise. Ind.Trial Rule 18 allows parties to join their legal and equitable claims. Furthermore, courts acting in equity are entitled to grant complete relief. *Lewandowski v. Beverly* (1981) 3d Dist. Ind.App., 420 N.E.2d 1278. Careful to avoid calling monetary relief "damages," courts have begun awarding equitable compensation or equitable rents in conjunction with awarding specific performance in order to fully compensate a purchaser of property for delay occasioned by a vendor's failure to perform. *See, e.g., North v. Newlin* (1982) 4th Dist. Ind.App., 435 N.E.2d 314, 319; *Arnold v. Leahy Home Bldg. Co., Inc.* (1981) 95 Ill.App.3d 501, 51 Ill.Dec. 285, 420 N.E.2d 699; 71 Am.Jur.2d § 217 (1973). However, in this case the Hollars have not requested such relief. We therefore need not decide whether they are entitled to it.

**1180**

firm the judgment of the trial court denying the Hollars "liquidated damages."

SHIELDS, P.J., and GARRARD, J., concur.