**INDIANA HEART ASSOCIATES, P.C., Appellant–Defendant,**

v.

**Kathleen G. BAHAMONDE, Appellee–Plaintiff.**

**No. 49A02–9810–CV–831.**

Court of Appeals of Indiana.

Aug. 9, 1999.

Gregory W. Moore, John P. Ryan, Hall, Render, Killian, Heath & Lyman, P.S.C., Indianapolis, Indiana, for Attorneys for Appellant.

Michael J. Cork, Burton & Cork, Indianapolis, Indiana, for Attorney for Appellee.

## OPINION

RUCKER, Judge

The trial court entered summary judgment in favor of Plaintiff/Appellee Kathleen Baha-

monde, awarding her compensation and liquidated damages for unpaid, accrued vacation time. Bahamonde's former employer, Defendant/Appellant Indiana Heart Associates, P.C. (hereinafter "Heart Associates"), appeals raising a single issue for our review, which we restate as whether the trial court erred in granting Bahamonde's motion for summary judgment.

We reverse.[1]

The facts most favorable to the nonmoving party show that Bahamonde was hired by Heart Associates [2] on November 6, 1991. On June 3, 1997, she was terminated for what Heart Associates described as engaging in "inappropriate behavior." R. at 121. According to Heart Associates, Bahamonde yelled at her immediate supervisor in an intimidating fashion. By the date of termination, Bahamonde had accrued 188.42 hours of vacation time, referred to by the parties as "paid time off" (PTO). Heart Associates' personnel policy contained in its employee handbook provides in relevant part:

> If an employee is involuntarily terminated by Indiana Heart Associates for unsatisfactory work performance, gross misconduct, or violation of any rule, policy or procedure, the employee will not be eligible for payment of any PTO time, nor may the employee use PTO time during the period of time from notification of termination to the date of departure, nor may the employee accrue or use PTO.

R. at 127. After leaving employment, Bahamonde requested payment for her accrued vacation time. Citing its personnel policy, Heart Associates denied the request on grounds that Bahamonde had been terminated for "gross misconduct." Bahamonde then filed suit. Thereafter the parties filed cross-motions for summary judgment. The trial court granted Bahamonde's motion and awarded her accrued vacation pay along with liquidated damages and attorney's fees pursuant to Ind.Code § 22–2–5–2. Heart Associates now appeals.

When reviewing a grant of summary judgment, we use the same standard as the trial court: whether the pleadings and evidence demonstrate that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Miller by Miller v. Memorial Hosp. of South Bend, Inc.*, 679 N.E.2d 1329, 1330 (Ind.1997); Ind. Trial Rule 56(C). The appellant bears the burden of proving the trial court erred in determining that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind. 1993). Any doubt as to the existence of an issue of material fact, or an inference to be drawn from the facts, must be resolved in favor of the nonmoving party. *Cowe by Cowe v. Forum Group, Inc.*, 575 N.E.2d 630, 633 (Ind.1991). A genuine issue of material fact exists when facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on such an issue. *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 318 (Ind.Ct.App.1991).

Indiana Code § 22–2–5–1, sometimes referred to as the Wage Payment Statute, contains three distinct regulations: "(1) employee's wages must be paid in money; (2) if requested, employers must pay employees semi-monthly or bi-weekly; and (3) *employees, upon separation from employment, must be paid the amount due them at their next and usual payday* (unless their whereabouts are unknown)." *Huff v. Biomet, Inc.*, 654 N.E.2d 830, 835 (Ind.Ct.App.1995) (footnote omitted, emphasis added). Although the Wage Payment Statute does not define "wages," we have held that vacation pay constitutes deferred compensation in lieu of wages and is thus subject to the provisions of the statute. *Jeurissen v. Amisub, Inc.*, 554 N.E.2d 12, 13 (Ind.Ct.App.1990). Nonetheless, an employee's right to vacation pay under the statute is not absolute. Rather, an employee is entitled to her accrued vacation pay to the time of termination "provided no

---

1. We hereby deny Bahamonde's Motion to Strike Appendix A to Heart Associates' reply brief.

2. Bahamonde was actually hired by Heart Center Associates. The company incorporated in January 1995 as Indiana Heart Associates, P.C. The distinction has no bearing on our analysis.

agreement or published policy exist[s] to the contrary...." *Die & Mold, Inc. v. Western,* 448 N.E.2d 44, 48 (Ind.Ct.App.1983). Citing *Die & Mold, Inc.,* this court recently held:

> Vacation pay is additional wages, earned weekly, where only the time of payment is deferred. It necessarily follows that, absent an agreement to the contrary, the employee would be entitled to the accrued vacation pay at the time of termination.

*Haxton v. McClure Oil Corp.,* 697 N.E.2d 1277, 1281 (Ind.Ct.App.1998) (citations omitted).

■ The undisputed evidence in this case shows that Heart Associates had in place a published policy declaring that an employee would not be entitled to her accrued vacation if she were terminated for, among other things, "gross misconduct." It was for "gross misconduct" and "inappropriate behavior" that Bahamonde was terminated. The record shows that Bahamonde received a copy of the employee handbook in which the policy was contained. And she acknowledged that it was her responsibility to know and understand the contents of the handbook. Because of Heart Associates' published policy, Bahamonde did not have an automatic statutory right to her accrued but unpaid vacation pay. The trial court thus erred in granting summary judgment in Bahamonde's favor. However, contrary to the argument Heart Associates makes in this appeal, summary judgment should not be entered in its favor.

■ First, nothing in the portion of the handbook presented in support of Heart Associates' motion for summary judgment defines the term "gross misconduct." Second, even assuming for the sake of argument the term encompasses yelling at a supervisor in an intimidating fashion, there is a dispute as to whether Bahamonde engaged in such conduct.[3] The record shows that in opposition to Heart Associates' motion for summary judgment, Bahamonde presented her own affidavit and the affidavits of two co-workers. According to Bahamonde's affidavit, she did not "yell at [her supervisor] in an intimidating fashion" or do anything to "threaten [her supervisor] either verbally or by physical action[ ]." R. at 174. The affidavits of the co-workers stated that they were in a position to observe and to overhear the conversation between Bahamonde and her supervisor. In relevant part, the affidavit of one of the co-workers asserted: "Nothing during the conversation between [the supervisor] and Kathy Bahamonde indicated that Kathy Bahamonde was threatening [the supervisor]." R. at 168. The affidavit of the second co-worker reiterated this statement and further stated, "I did not hear Kathy Bahamonde say anything threatening to [her supervisor], nor did I see Kathy Bahamonde make any threatening gestures to [her supervisor]." R. at 171. In this appeal, Heart Associates contends that the affidavits are not relevant: "the reasoning for termination does not bear in any manner upon the legal issue of whether an employer has an obligation to pay accrued vacation pay at the time of termination if the employer establishes a policy which conditions payment and the employee fails to fulfill the condition." Reply Brief of Appellant at 8. Heart Associates seems to imply that the existence of a written policy, standing alone, is sufficient to deny Bahamonde her accrued vacation pay. It is not. If this were so, then an employer could always avoid paying its involuntarily terminated employees their accrued vacation by simply asserting a violation of company policy whether or not the assertion was ever demonstrated to be true. We hold therefore, that in denying an employee accrued vacation pay to which the employee would otherwise be entitled on grounds that a written policy

---

3. We note the issues in this appeal do not concern Heart Associates' authority to fire its employees. Indeed, yelling at a supervisor may very well justify termination. That is especially so where, as here, the terminated party was an employee-at-will. *See, e.g., Sample v. Kinser Ins. Agency, Inc.,* 700 N.E.2d 802, 805 (Ind.Ct.App. 1998) (employment at-will may be terminated by either party at any time for good reason, bad reason, or no reason at all). Rather, the issues in this appeal concern under what circumstances may Heart Associates deny its fired employees accrued but unpaid vacation pay.

so provides, the employer has the burden of showing a violation of the policy. As applied to the facts in this case, only if Bahamonde violated Heart Associates' written policy could Heart Associates deny her accrued vacation pay upon termination. Whether Bahamonde yelled at her supervisor in an intimidating fashion and whether such behavior amounts to gross misconduct are disputed issues of material fact that cannot be resolved by summary disposition.

Judgment reversed and cause remanded.

BAKER, J., and BROOK, J., concur.