Keith FOOR, Appellant–Plaintiff,

v.

TOWN OF HEBRON, Appellee–Defendant.

No. 64A03–0009–CV–311.

Court of Appeals of Indiana.

Feb. 21, 2001.

Stanley W. Jablonski, Merrillville, IN, Attorney for Appellant.

David Mammel, Munster, IN, Attorney for Appellee.

## OPINION

BAKER, Judge

Appellant-plaintiff Keith Foor appeals the trial court's judgment in favor of Appellee-defendant the Town of Hebron (the Town) regarding the decision to dismiss him as town marshall. Specifically, Foor contends that the Town failed to follow statutory procedures required in disciplining town marshalls. He also argues that the decision to dismiss him from his post was arbitrary and capricious and animated by personal bias.

### FACTS

The Town hired Foor as town marshall in April 1994. Less than four years later, the Town's President of the Board of Public Safety (Safety Board) filed formal charges against Foor, seeking to dismiss him as the town marshall. Among other things, Foor was charged with violating department rules by submitting grant applications for video monitoring systems without consent of the Hebron Town Council.

The Safety Board held a disciplinary hearing on April 16, 1998. Foor, represented by counsel, cross-examined witnesses and presented evidence. After considering the evidence, the Safety Board found, among other things, that Foor had violated department rules and statutes in attempting to procure video equipment without consent of the Hebron Town Council. Of the seven formal charges of wrongdoing brought against Foor, the Town found evidence to support only five. Accordingly, on May 4, 1998, the Safety Board dismissed Foor as town marshall.

Within four weeks of his dismissal, Foor petitioned the Lake Superior Court in Lake County to vacate the Safety Board's decision. Record at 5. In his petition, Foor named the "Hebron Town Board" as the defendant. Moreover, Foor served the Clerk Treasurer of the Hebron Town Council with his petition via U.S. mail. In response, on June 10, 1998, the Town filed its "Motion To Dismiss for Improper Venue and/or Motion To Transfer." R. at 33. "Pursuant to Trial Rules 12(B)(3) and 75(B)," the Town moved to dismiss the

proceedings and in the alternative to transfer the case to Porter County. R. at 33. The parties later agreed that Porter County was the proper venue, and the Lake Superior Court ordered the case transferred to that county. R. at 39.

After the case had been transferred to the Porter Superior Court, the Town filed a motion for judgment on the pleadings. The Town contended that Foor had failed to file a proper complaint inasmuch as Foor named the "Hebron Town Board"—a nonexistent entity—as a party but not the "Town of Hebron." The "Safety Board Discipline Statute," IND.CODE § 36–8–3–4, requires that the Town be named in the complaint rather than the board. Moreover, the Town argued that Foor did not serve the Town President as required by the statute and Trial Rules 4.6(A) and 83(2). Because of these defects, the Town argued that the court lacked jurisdiction to hear the dispute. In response, Foor requested that the pleadings be amended to show the "Town of Hebron" as the defendant. The trial court, after holding a hearing on the motion, denied the Town's motion and granted Foor's motion to amend the pleadings naming the "Town of Hebron" as the defendant.

After a hearing on the merits, the trial court affirmed the judgment of the Safety Board. Specifically, the trial court found that Foor's due process rights were not infringed by the presence of a hearing officer at the dismissal hearing. Moreover, the trial court found that the Safety Board did not violate the Safety Board Discipline Statute's procedural requirements or make an arbitrary and capricious decision. R. at 322–23. Foor now appeals.

## DISCUSSION AND DECISION

### I. Jurisdiction over the Particular Case

■ Before we reach the merits of Foor's contentions, we must address the issue of the trial court's jurisdiction to hear this case. The Town contends that the trial court never acquired jurisdiction over Foor because he failed to name the Town as the defendant and to serve the Town President. Though the Town does not specify on which jurisdictional basis it appeals, we will treat its argument, for reasons explained below, as one over the jurisdiction of the particular case.

■ In general, jurisdiction "embraces three essential elements": jurisdiction of the subject matter, jurisdiction of the person, and jurisdiction of the particular case. State ex rel. Dean v. Tipton Circuit Court, 242 Ind. 642, 653, 181 N.E.2d 230, 235 (1962). Subject matter jurisdiction is the power of a court to hear a class of cases, while jurisdiction over the case is the power of the court to hear a particular case within the class of cases. Dixon v. Siwy, 661 N.E.2d 600, 605 n. 10 (Ind.Ct.App.1996). A judgment rendered by a court lacking subject matter jurisdiction is void and may be attacked at any time. Id. In contrast, a judgment rendered by a court lacking jurisdiction over the particular case is voidable and must be timely objected to or it is waived. Id.

The Town advances its jurisdictional argument based in part on I.C. § 36–8–3–4(f), which governs the procedure for appealing the disciplinary decisions of safety boards. Subsection (f) of the Safety Board Discipline Statute provides:

An appeal [of the safety board's decision] must be taken by filing in court, within thirty (30) days after the date the decision is rendered, a verified complaint stating in concise manner the general nature of the charges against the member, the decision of the safety board, and a demand for the relief asserted by the member. A bond must also be filed that guarantees the appeal will be prosecuted to a final determination and that the plaintiff will pay all costs adjudged against the plaintiff. The bond must be approved as bonds for costs are approved in other cases. *The unit must be named as the sole defendant, and the plaintiff shall have a summons issued*

*as in other cases against the unit. Neither the safety board nor the members of it may be made parties defendant to the complaint, but all are bound by service upon the unit and the judgment rendered by the court.*

I.C. § 36–8–3–4(f) (emphasis supplied).

First, subsection (f) requires that the complaining party name the "unit . . . as the sole defendant." *Id.* "Unit," for purposes of this case, "means county, municipality, or township." IND.CODE § 36–1–2–23. Therefore, the Safety Board Discipline Statute required Foor to name the "Town of Hebron" as the defendant. He, instead, initially named the "Hebron Town Board."

Furthermore, the statute requires that a "summons [be] issued as in other cases against a unit." I.C. § 36–8–3–4(f). Service on local governmental organizations "may be made" on "the executive thereof." T.R. 4.6(A)(3). An executive is the "mayor" or "president" of the town. T.R. 82(3). Here, construing the trial rules with the statute, service should have been made on the Town President, not the Clerk Treasurer of the Hebron Town Council.

These procedural defects, the Town asserts repeatedly, should deprive the trial court of jurisdiction. Appellee's brief at 10, 11, 12, 13, 14, 15. In support of its assertion, the Town cites *City of Marion v. Antrobus,* 448 N.E.2d 325 (Ind.Ct.App. 1983). In *Antrobus,* a Marion Police Department officer appealed his dismissal from the department by the Marion Board of Public Works and Safety. An earlier version of the Safety Board Discipline Statute[1] governed the dispute in *Antrobus,* leading this court to state: "Ordinarily, the failure to adhere strictly to statutory procedures for perfecting appeals results in a jurisdictional defect that precludes judicial review of an administrative adjudication as a matter of law." 448 N.E.2d at 328. The defect at issue in *An-trobus* was the complaining officer's failure to post bond pursuant to the statute.

In resolving the *Antrobus* dispute, we treated the plaintiff's failure to post bond as a jurisdictional problem. We determined that his failure to post bond did not involve subject matter jurisdiction but concerned *jurisdiction over the particular case. Id.* Unlike the lack of subject matter jurisdiction, which may be attacked at any time, lack of jurisdiction over the particular case must be raised "at the earliest opportunity possible" or the objection is waived. *Id.* at 329. In *Antrobus,* the city failed to raise the issue at the earliest opportunity possible, as it raised the issue after judgment, and therefore the issue was waived. *Id.* Here, counsel for the Town misrepresents the holding of *Antrobus* by reasoning "in that case, the city was found to have waived the defect by failing to object *before judgment was entered.*" Appellee's brief at 12 (emphasis supplied).

We emphasize the precise holding in *Antrobus*—the requirement of raising the jurisdictional defect at the earliest possible opportunity—because we are faced with similar facts. Here, the Town filed a "Motion To Dismiss for Improper Venue and/or Motion To Transfer" on June 10, 1998. Then, over three months later, on September 25, 1998, the Town filed a motion for judgment on the pleadings, raising for the first time the court's lack of jurisdiction. We have previously determined that "failure to name the proper party in the caption of a complaint concerns the trial court's jurisdiction over the particular case." *Harp v. Indiana Dept. of Highways,* 585 N.E.2d 652, 659 (Ind.Ct.App. 1992). But jurisdiction over the case may be established, despite the plaintiff's failure to name the proper party, if the opposing party neglects to raise the issue at the earliest opportunity. *Id.*

Having established the Town's responsibility to raise the issue timely or waive it,

1. *See* IND.CODE § 18–1–11–3(b) (repealed effective September 1, 1981).

we must specify what is meant by "the earliest opportunity possible." In *Harp,* we explained that the defendant had raised the issue of lack of jurisdiction over the particular case at the earliest opportunity—in its motion to dismiss. *Id.* Applying the rule in *Harp* to the facts here, we conclude that the Town should have raised the issue of lack of jurisdiction over the particular case in its June 10, 1998 "Motion To Dismiss for Improper Venue and/or Motion To Transfer." Its failure to do so waived the issue.

### II. Trial Rule 15

The Town also contends that Foor's amended complaint does not relate back to the original complaint. This failure to relate back, argues the Town, also precludes the trial court from acquiring jurisdiction over it.

### A. The Amended Complaint

Trial Rule 15(A) allows a party to amend his pleading by the leave of the court "when justice so requires." In an order dated January 14, 1999, the trial court denied the Town's motion to dismiss and ordered, "Hereafter, the Defendant shall be considered to be the Town of Hebron and shall be so designated in further pleadings." R. at 99. Thus, the trial court can be said to have granted an amendment to Foor's complaint. The critical issue is whether such an amendment relates back to the original complaint Foor filed on May 23, 1998.

### B. Relation Back

Trial Rule 15(C) governs the relation back of amendments to the original pleadings. It provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided

by law for commencing the action against him, the party to be brought in by amendment:

> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

> (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

> *The requirement of subsections (1) and (2) hereof with respect to a governmental organization to be brought into the action as defendant is satisfied:*

> . . . .

> (2) *in the case of a local governmental organization, by delivery or mailing of process to its attorney as provided by statute, to a governmental executive thereof [Rule 4.6(A)(4)], or to the officer holding the office if suit is against the officer or an office.*

T.R. 15(C) (emphasis supplied).

■ Because this case presents a change in parties, not a change in claims, we initially focus on the second sentence of T.R. 15(C). The Town argues that, because Foor failed to serve the Town's attorney or the Town President with his June 10, 1998 petition, T.R. 15(C) precludes the amendment of the defendant's name from relating back to the original petition. Foor counters that his original petition contained a "misnomer." A "misnomer," as defined by our supreme court, is a change in the "denomination, but not the substance of the party sued." *Indiana Farmers Mutual Ins. Co. v. Richie,* 707 N.E.2d 992, 997 (Ind.1999). In *Richie,* the plaintiff, injured in an automobile accident, filed a tort action against "Leanne Smith (Deceased)." *Id.* at 993. Over three months after the statute of limitation had tolled, the plaintiff amended his complaint to change the defendant to "Louis D. Evans special administrator of the Estate of Leanne Smith." *Id.* Our supreme court held that redenomination of the defendant

in the complaint was *not* a "change" of the party for the purposes of T.R. 15(C), given that the "substance" of the party was not changed. *Id.* Our supreme court offered that, if the party sought to be brought in by amendment shows prejudice, the trial court has the discretion to refuse the amendment under T.R. 15(A). Such a refusal would, needless to say, preclude relation back altogether. *See id.*

Here, Foor may not argue that the "Hebron Town Board" was a misnomer for the "Town of Hebron." The Safety Board Discipline Statute specifically precludes a party from naming a safety board as a defendant. I.C. § 36–8–3–4(f). In light of the statute's clear command, we may not construe the "Hebron Town Board" as a misnomer of the "Town of Hebron."

### 1. Relation Back—Nongovernmental Entities

Because this case does not involve a misnomer, we continue with the application of T.R. 15(C)'s "notice and knowledge test." *See id.* Generally, for the amendment to relate back, the party to be brought in by amendment must have 1) "received such *notice* of the institution of the action that [the party] will not be prejudiced in maintaining [a] defense on the merits" and 2) *"knew or should have known* that but for a mistake concerning the identity of the proper party, the action would have been brought against [the party]." T.R. 15(C)(1) and (2) (emphasis supplied). The party to be brought in by amendment must have attained this "notice and knowledge" before the statute of limitations ran. T.R. 15(C).

### 2. Relation Back—Governmental Entities

■ The final subpart of T.R. 15(C) references the "notice and knowledge test," when the party to be brought in by amendment is a local governmental organization. It reads:

The requirement of [the notice and knowledge test] with respect to a gov-

ernmental organization to be brought into the action as defendant *is satisfied:*

. . . .

(2) in the case of a local governmental organization, by delivery or mailing of process to *its attorney* as provided by statute, *to a governmental executive thereof [Rule 4.6(A)(4) ],* or to the officer holding the office if suit is against the officer or an office.

T.R. 15(C) (emphasis supplied). The Town construes this subpart to preclude relation back where the governmental executive (in this case the Town President) does not receive "delivery or mailing of process" before the statute of limitations has run. The statute of limitations ran thirty days after the Safety Board's dismissal of Foor. This left Foor no opportunity to serve the Town President when he discovered that he had named the wrong party on the petition and had erroneously served the Clerk Treasurer.

We reject the Town's contention that the Town President would had to have received service in order for the amendment to relate back to the original complaint. As our supreme court explained, "T.R. 15(C)(1) does not require process or that a summons be served before the statute of limitations has expired. What is required is such notice of the institution of the action that the added defendant will not be prejudiced in maintaining his defense on the merits." *Waldron v. Wilson,* 532 N.E.2d 1154, 1156 (Ind.1989); *see also* 2 William F. Harvey, *Indiana Practice: Rules of Procedure Annotated* § 15.9, at 82 (3d ed. 2000) ("Rule 15(C) would be correctly understood and interpreted if the word 'notice' were changed to (or thought about as) 'information.' For almost all judges and lawyers the word 'notice' pulls irresistibly into 'process' or 'summons.'"). We believe this rule applies equally to local governmental organizations that receive notice of the institution of the action before the statute of limitations expires and are not prejudiced in maintaining a defense on the merits.

■ We note that "the requirement of the [notice and knowledge test] *is satisfied* . . . by delivery or mailing of process to its attorney as provided by statute, [or] to a governmental executive thereof [Rule 4.6(A)(4) ]." T.R. 15(C). The Town's gloss is that this rule establishes a procedure by which relation back will *only* be acceptable. In other words, the amendment may not relate back unless the Town President or city attorney was served with notice before the statute of limitations had run. In our view, this rule establishes a procedure by which relation back will *always* be acceptable. Because T.R. 15(C) is "the other shoe to notice pleading Rules 7 and 8," it should be construed "as one of the most liberal" trial rules. 2 Harvey, *supra,* § 15.9, at 82. The language of the rule, "is satisfied," does not *require* service on the Town President before the statute of limitations runs to effect relation back. To the contrary, it provides one method by which a party will always meet the requirements of the notice and knowledge test.

■ Because Indiana trial rules are based on the federal rules, "it is appropriate in some instances to look to the federal decisions for guidance." *Richie,* 707 N.E.2d at 997. The analogous federal relation-back rule provides in part:

> The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, *satisfies* the requirements of [the notice and knowledge test] with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed.R.Civ.P. 15(c)(3) (emphasis supplied). This portion of F.R.C.P. 15(c)(3) "establishes an irrebuttable presumption that if proper service is made on" the rule's designated officers, then the requirements of the notice and knowledge test "are to be deemed satisfied." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1502, at 165–66 (2d ed.1990) (footnote omitted) (collecting cases). Similarly, we view T.R. 15(C)'s local governmental relation-back rule as providing an irrebuttable presumption that the notice and knowledge test has been met. The absence of service, however, will not preclude relation back.

In the instant case, Foor filed his petition on May 28, 1998, and served the Clerk Treasurer of the Hebron Town Council. R. at 46. The "Motion To Dismiss for Improper Venue and/or Motion To Transfer" was filed on June 10, 1998, before the thirty-day statute of limitations had run. This responsive pleading indicates that the Town had notice and knowledge of the suit against it before the statute of limitations had run. Furthermore, the Town does not deny that it had notice and knowledge of suit against it before the statute of limitations had run. Rather, the Town argues that Foor failed to serve the Town President before the statute of limitations had run. In light of our discussion above, the Town's notice and knowledge of the suit against it before the statute of limitation had run is sufficient to trigger relation back of the amended pleading.

### III. Procedure of the Hearing

#### A. Hearing Officer

■ Because the trial court had jurisdiction to hear Foor's complaint, we proceed to the merits. Foor argues that the Safety Board violated the Safety Board Discipline Statute by appointing a hearing officer to rule on procedural matters. More specifically, he contends that, inasmuch as the Safety Board Discipline Statute does not provide for a hearing officer, the officer's presence violated the statute. The trial court, after hearing arguments and examining the record, found that "the hearing officer was at the hearing to rule on procedural matters only and that many of the rulings of the hearing officer were made in [Foor's] favor." R. at 322. On

appeal, Foor does not assert that he was prejudiced by the hearing officer's presence. Therefore, we conclude that the hearing officer's presence did not invalidate the hearing. To the contrary, we believe that the hearing officer's presence enhanced the process of the hearing.

### B. Predetermination of Wrongdoing

█ Foor also contends that the Board had already decided the issues on which the hearing was held when it issued "Findings of Fact" before the hearing. These findings constituted the basis for formal charges against Foor. We note, however, that some findings must necessarily be made before any such disciplinary hearing is held. The Safety Board Discipline Statute requires a hearing only after a disciplinary decision has been made:

> Before a member of a police or fire department may be suspended in excess of five (5) days without pay, demoted, or dismissed, the safety board shall offer the member an opportunity for a hearing. If a member desires a hearing, the member must request the hearing not more than five (5) days after the notice of the suspension, demotion, or dismissal.

I.C. § 36–8–3–4(c). The Safety Board offered the hearing to Foor, after it decided to discipline him. The decision to discipline him, therefore, should have been based on facts. In the end, the Safety Board did not violate the Safety Board Discipline Statute by drafting "Findings of Fact" in advance of the hearing to dismiss Foor.

### IV. Arbitrary and Capricious

█ Foor next complains that the Safety Board acted arbitrarily and capriciously when it dismissed him without evidence of wrongdoing. In addressing this contention we begin by noting that the "decision of the safety board is considered *prima facie* correct, and the burden of proof is on the party appealing." I.C. § 36–8–3–4(h). Judicial review of the safety board's decision is limited to determining whether the board possessed jurisdiction of the subject matter; and whether its decision was made pursuant to proper procedures, was based upon substantial evidence, was not arbitrary or capricious, and was not in violation of any constitutional, statutory, or legal principle. *Rynerson v. City of Franklin*, 669 N.E.2d 964, 971 (Ind.1996). When we review the board's decision, we may not determine questions of credibility or weigh conflicting evidence. *Id.* Rather, we review the record as a whole to determine whether the board's decision is supported by substantial evidence. *Id.*

The Safety Board Discipline Statute provides in part that a safety board may dismiss a police officer upon finding that the officer is guilty of a "violation of rules." I.C. § 36–8–3–4(b). Here, the Safety Board found, among other violations, that Foor had violated department rules by applying for grants for video monitoring equipment without the consent of the Hebron Town Council. The evidence introduced at the safety board hearing, supports the charges. R. at 1441–42, 1500–03. Foor concedes that the record demonstrates "conflicting testimony on all charges and accusation." Appellant's brief at 12. We, however, may not reweigh conflicting evidence on appeal or determine a witness's credibility. *See Rynerson*, 669 N.E.2d at 971. Thus, despite some animus Safety Board members may have had against Foor; reviewing the record as a whole, we cannot say that the Safety Board acted in an arbitrary and capricious manner when it dismissed Foor.

### CONCLUSION

In sum, we have determined that 1) the Town waived its objection to the trial court's jurisdiction over the particular

case; 2) the amended pleading related back to the original; 3) the Safety Board followed the procedural guidelines of I.C. § 36–8–3–4; and 4) the Safety Board did not act arbitrarily and capriciously when it dismissed Foor as town marshall.

Judgment affirmed.

BROOK and BARNES, JJ., concur.